UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-98** |
| **SHIVA AKULA** | **SECTION I** |

## ORDER & REASONS

Before the Court is *pro se* defendant Shiva Akula's ("Akula") motion[1] for judicial disqualification. The government opposes[2] the motion. For the reasons below, the Court denies the motion.

### I. FACTUAL BACKGROUND

Akula is charged with 23 counts of health care fraud in violation of 18 U.S.C. § 1347.[3] Akula was previously represented by counsel, but is now proceeding *pro se*.[4] In the instant motion, Akula argues that the undersigned should "be disqualified from the case, and that all his orders [should] be vacated, and the indictment dismissed."[5] Akula also "asserts that [the undersigned should] be required to disclose to the record all his financial holdings for the period from December 2012 to December

---

[1] R. Doc. No. 118.
[2] R. Doc. No. 122.
[3] *See generally* R. Doc. No. 1.
[4] *See* R. Doc. Nos. 115, 120. Akula has had six different attorneys in this matter. *See* R. Doc. Nos. 6, 25, 30, 43, 86.
[5] R. Doc. No. 118, at 20. Akula has filed a separate "motion to challenge the indictment," and the Court will address arguments as to the validity of the indictment in a subsequent order. R. Doc. No. 126.

1

2022" and that the undersigned should "be required to disclose to [ ] Akula and the record the full extent and substance of any and all ex parte communications."[6]

Akula alleges that in December of 2022, he asked his then-counsel to provide Akula's case file so that Akula "could inspect the evidence underpinning the criminal charges and validate his right to an impartial adjudicator, by evaluating the financial holdings and conflicts of interest of" the undersigned.[7] Akula's then-counsel allegedly did not provide that information, and eventually withdrew from representing Akula.[8] Akula states that he "surmised that [the undersigned] was biased" and that Akula then requested via letter to the Court that the undersigned provide information regarding his financial holdings.[9] Akula states that "[t]he bias and prejudice of the Court . . . were further established by the non-publication and diversion from the docket of documents filed by" Akula.[10]

Akula further alleges that the undersigned "is in fact conflicted and has received bribes from the entities and persons who conspired to have Defendant Akula investigated, indicted and who are now in conspiracy with [the undersigned] to have Defendant Akula convicted and incarcerated, in order to permit them to seize [Akula's] assets."[11] He further alleges that the undersigned "has failed to recuse

---

[6] R. Doc. No. 118, at 20.
[7] *Id.* at 4.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 5. This is not Akula's first attempt to allege that he is the victim of a conspiracy between government entities and the insurance industry. Akula has filed a civil lawsuit against the Assistant United States Attorney prosecuting this matter, his former attorney, a witness in this matter, a hospice clinic, and a health insurance

himself because he wants to retain the power to ensure Defendant Akula is convicted, an act [the undersigned] has calculated would result in further financial gain [for] those parties, including the insurance industry, that stand to win at the expense and incarceration of Defendant Akula."[12] Akula alleges that the undersigned "has entered opinions/orders that he knew did not truthfully reflect the law, [or] the facts or evidence of the case" and that the undersigned has "conspired with Defendant Akula's market competitors to pervert the course of justice."[13]

Akula alleges that the undersigned's "participation in the scheme" includes the following acts: "obstruct[ing] Akula's defense of the case," "deny[ing] all of Akula's motions," and "us[ing] aggressive tones and language to create a threatening and intimidatory environment."[14] He further alleges that the undersigned "willingly and knowingly used the US wires in furtherance of a scheme that he knew was illegal" and "converted the United States District Court for the Eastern District of Louisiana into a racketeering enterprise."[15]

---

company. R. Doc. No. 118-5, at 27–53. He alleges that that lawsuit "exposes a conspiracy perpetrated by the insurance industry against ethnic minority physicians." *Id.* at 30. He also sent a letter to Senator Ted Cruz, in his capacity as a member of the Senate Judiciary Committee, which alleges that "the insurance industry, in collusion with certain governmental agencies, has been perpetrating schemes of racial discrimination that target successful Indian physicians for criminal prosecution and incarceration." *Id.* at 8.

[12] R. Doc. No. 118, at 5.
[13] *Id.*
[14] *Id.*
[15] *Id.*

3

## II. STANDARDS OF LAW

### a. 28 U.S.C. § 455

Title 28, section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[T]he purpose of § 455(a) is not just to prevent *actual* partiality, but to avoid the appearance of partiality." *Jason v. LeBlanc*, No. 19-13800, 2019 WL 6895570, at *1 (E.D. La. Dec. 17, 2019) (Morgan, J.) (quoting *Republic of Pan. v. Am. Tobacco Co. Inc.*, 217 F.3d 343, 346 (5th Cir. 2000)).

Subsection (b)(1) of the same statute provides that a judge "shall also disqualify himself" when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Subsections (a) and (b)(1) "afford separate, though overlapping, grounds for recusal." *United States v. Warren*, No. 10-154, 2013 WL 587903, at *1 (E.D. La. Feb. 13, 2013) (Africk, J.) (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)).

Under both subsections, the Court should consider "whether the alleged bias 'was of extrajudicial origin,' that is, whether it was based on events or information outside the judicial proceedings." *Id.* (quoting *Andrade*, 338 F.3d at 456 n.2, 457). Alleged bias arising from an intrajudicial source requires recusal only if there is a "display [of] deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Thus, . . . adverse rulings or comments by a judge will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of

4

antagonism as to make fair judgment impossible." *United States v. Brocato*, 4 F.4th 296, 302 (5th Cir. 2021) (per curiam) (quotation and citation omitted).

Section 455(b)(4) provides that a judge "shall also disqualify himself" when "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding . . . ." The statute defines "financial interest" as "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party" and further provides that "[o]wnership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." 28 U.S.C. § 455(d)(4)(i).

A motion brought pursuant to any subsection of § 455 "must be based on specific facts so as to avoid giving a party a 'random veto over the assignment of judges.'" *Wiley v. Dep't of Energy*, No. 21-933, 2021 WL 2853110, at *4 (E.D. La. July 8, 2021) (Currault, M.J.) (quoting *Capizzo v. State of Louisiana*, No. 99-138, 1999 WL 539439, at *1 (E.D. La. July 22, 1999) (Africk, M.J.)). Section 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Mix*, No. 12-171, 2014 WL 580758, at *3 (E.D. La. Feb. 13, 2014) (Duval, J.) (quotations and citations omitted). Additionally, the recusal inquiry "ask[s] how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d

5

152, 156 (5th Cir. 1995) (citing *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)); *accord Andrade*, 338 F.3d at 454–55.

Finally, "[s]ection 455 [ ] obligates a party to raise the disqualification argument at a reasonable time in the litigation." *United States v. Anderson*, 160 F.3d 231, 234 (5th Cir. 1998) (citation omitted). The party seeking "'disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis of such disqualification.'" *Id.* (quoting *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994)). "[A] party should not be allowed to abuse the recusal process in efforts to judge shop, delay his case, vent his frustration at an unfavorable ruling, or otherwise attempt to gain some perceived strategic advantage." *Hill v. Hunt*, No. 07-2020, 2012 WL 12985445, at *7 (N.D. Tex. May 15, 2012) (quotation and citation omitted).

### b. 28 U.S.C. § 144

Motions for recusal may also be brought pursuant to 28 U.S.C. § 144. "Different procedures govern recusal[ ] [motions] under § 144 and § 455." *Wiley*, 2021 WL 2853110, at *2. Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. The affidavit must "be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.*

Despite the apparently mandatory language of § 144, "[t]he mere filing of an affidavit of bias or prejudice does not automatically disqualify a judge." *Jackson v. Andrews*, No. 00-2534, 2000 WL 1843514, at *2 (E.D. La. Dec. 14, 2000) (Schwartz, J.). Instead, the judge at whom the affidavit is directed must first pass on the affidavit's timeliness and legal sufficiency. *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, MDL No. 1632, 2008 WL 11503967, at 81 (E.D. La. Mar. 31, 2008) (Lemelle, J.). This procedure is preferred because "[t]he challenged judge is most familiar with the alleged bias or conflict of interest [and] is in the best position to protect the nonmoving parties from dilatory tactics." *Chitimacha Tribe v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Brocato*, 4 F.4th at 301.

Motions brought pursuant to § 144, like those brought pursuant to § 455, must be timely. "Although the Fifth Circuit has not adopted a *per se* rule on untimeliness under section 144, a 'timely' affidavit 'is one filed at the earliest moment after knowledge of the facts demonstrating the basis for the recusal.'" *Davis v. Wal-Mart Stores Tex. LLC*, No. 17-82, 2018 WL 4146341, at *2 (S.D. Tex. Aug. 30, 2018) (quoting *Travelers Ins. Co.*, 38 F.3d at 1410).

### III. DISCUSSION

Akula invokes both 28 U.S.C. § 455 and 28 U.S.C. § 144 in his motion.[16] The Court addresses each statute in turn.

#### a. 28 U.S.C. § 455

Akula asserts that the undersigned should recuse pursuant to § 455(a), § 455(b)(1), and § 455(b)(4) and asserts overlapping factual grounds for recusal pursuant to each of those subsections. Akula argues that the following circumstances are sufficient to require recusal pursuant to § 455(a): the undersigned's alleged "universal denial of Defendant Akula's motions, [and] failure to adhere to his statutory obligation to disclose his financial holdings, ex parte communications[,] and conflicts of interest."[17] Akula further argues that the following circumstances require recusal pursuant to § 455(b)(1): that the undersigned "has tacitly admitted he has a commercial interest in the outcome of the criminal case,"[18] that the undersigned "has failed to file any financial disclosures or conflicts of interest in this matter,"[19] and that the undersigned "has tacitly admitted to having engaged in improper ex parte communications with the prosecutor."[20] Finally, Akula argues that the following circumstances are sufficient to require recusal pursuant to § 455(b)(4): "that the fiduciary interests of [the undersigned] and his spouse are aligned with those of Defendant Akula's competitors and or their representatives,"[21] and that the

---

[16] *Id.* at 8.
[17] *Id.* at 10.
[18] *Id.* at 13.
[19] *Id.*
[20] *Id.* at 14.
[21] *Id.* at 15.

8

undersigned has "tacitly admit[ted] to having received bribes and engaged in ex parte communications with the prosecutor."[22]

The Court first addresses Akula's allegations regarding the undersigned's financial holdings. It is true that Akula has requested information regarding the undersigned's financial interests. This request was published on the record after Akula decided to proceed *pro se*.[23] As the Court informed Akula at the pretrial conference, such information is publicly available and may be accessed via an online request.[24] Akula continues to insist, however, that he has been deprived of this information. It is untenable for Akula to assert that the undersigned has a financial interest that requires recusal while apparently choosing not to access publicly available financial reports that he alleges would support his argument.

Moreover, the undersigned has no financial interest in this matter. Section 455(b)(4) requires recusal if the presiding judge "has a financial interest in the subject matter in controversy or in a party to the proceeding." The only parties to this criminal matter are Akula and the government, and the undersigned has no financial interest in either. The undersigned likewise has no financial interest in Akula's potential criminal liability. Akula's accusations that the undersigned has received bribes or is otherwise financially interested in the outcome of Akula's criminal case are false. More importantly, such "unsubstantiated suggestion[s]" do not require

---

[22] *Id.*
[23] R. Doc. No. 116.
[24] *See Judiciary Financial Disclosure Reports*, U.S. Cts., https://www.uscourts.gov/judges-judgeships/judiciary-financial-disclosure-reports (last visited March 10, 2023).

recusal under the objective standard of § 455. *Mix*, 2014 WL 580758, at *3; *see Jordan*, 49 F.3d at 156.

Akula's assertions regarding "ex parte communications" are similarly factually unsupported and inaccurate. The Court has not engaged in any inappropriate ex parte communications. The basis for Akula's assertion that the undersigned has "tacitly admitted" to engaging in such communications is unclear. Again, such "unsubstantiated assertions" are not sufficient to require recusal. *Mix*, 2014 WL 580758, at *3.

Likewise, the undersigned's alleged "universal denial" of Akula's motions does not provide grounds for recusal. Akula cites no specific rulings that this Court has entered against him in this matter.[25] Moreover, "adverse rulings . . . support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *Brocato*, 4 F.4th at 302. Akula cites no source of extrajudicial bias, nor does he point to any ruling in this matter that demonstrates "a high degree of antagonism." *Id.*

In sum, Akula's allegations would not, in the mind of a reasonable person, call into question the undersigned's ability to preside over this matter in an unbiased manner. *Jordan*, 49 F.3d at 156. Akula has not provided factually supported grounds

---

[25] Indeed, the Court has ruled on very few motions in this matter. The Court has granted multiple motions by Akula to continue the trial and pretrial conference. R. Doc. Nos. 31, 95, 99, 127. The Court recently denied Akula's motion for leave to file electronically, R. Doc. No. 132, and Akula's motion to strike a motion filed by his standby counsel, R. Doc. No. 144, but it did so after the instant motion for judicial disqualification was filed.

that the undersigned has any conflict of interest, financial or otherwise, that would require recusal pursuant to § 455.

The government also argues that Akula's motion is untimely.[26] It is unnecessary for the Court to reach this argument because it has already concluded that Akula's motion fails on the merits. However, the Court agrees that to the extent Akula's motion is a strategic attempt to delay trial, it is inappropriate. *See Hill,* 2012 WL 12985445, at *7 ("[A] party should not be allowed to abuse the recusal process in efforts to judge shop, delay his case, vent his frustration at an unfavorable ruling, or otherwise attempt to gain some perceived strategic advantage.").

### b. 28 U.S.C. § 144

As stated above, recusal motions pursuant to § 144 must contain a "timely and sufficient affidavit" and certificate of counsel. In support of his motion, Akula provides an affidavit that states that he "swear[s] under oath and penalty of perjury that the facts, reasons, and statements submitted in support of this application are true and accurate to the best of my knowledge."[27]

Akula's motion fails to meet the standards applicable to § 144 motions for several reasons. First, "numerous courts have held that a pro se litigant cannot obtain disqualification under § 144 because [such a] litigant is unable to meet the plain language of the statute by providing the required certificate of counsel of record." *Scott v. Crosby Energy Servs.*, 2021 WL 2255748, at *4 (E.D. La. May 28, 2021) (Currault, M.J.) (citations omitted) (collecting cases); *accord Davis v. Hinds Cnty.*, 15-

---

[26] R. Doc. No. 122, at 12.
[27] R. Doc. No. 118, at 1.

874, 2017 WL 5654730, at *1 n.2 (S.D. Miss. Mar. 29, 2017); *Gibson v. Gusman*, No. 14–2273, 2014 WL 6469507, at *3 (E.D. La. Nov. 17, 2014) (Knowles, M.J.) ("[The] Court concludes that a pro se litigant may not use 28 U.S.C. § 144 as a means to seek recusal."). Because Akula is a *pro se* litigant, his motion is not and could not be accompanied by a certificate of counsel.

Notwithstanding the certificate of counsel issue, in order to be "sufficient," the affidavit must "state material facts with particularity." *Brocato*, 4 F.4th at 301. The Fifth Circuit has held that an affidavit submitted with a § 144 motion in which the party seeking recusal "attested that the contents of the motion to recuse and the motion for reconsideration were true and accurate to the best of his knowledge and belief" was insufficient when the allegations were based on hearsay and not personal knowledge. *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1298 (5th Cir. 1990). Further, an affidavit that merely "consists of [the party's] opinions [ ] is not enough." *Telles v. United States*, 202 F. App'x 686, 688 (5th Cir. 2006) (per curiam).

As discussed above, Akula's motion contains only unsubstantiated assertions, and it reveals that he has failed to conduct basic factual inquiries into the alleged financial conflicts of interest. Akula's assurance that his statements are "true and accurate to the best of [his] knowledge" does not cure the fact that his motion is supported only by speculation as to a conspiracy against him. Because Akula's motion

does not meet the standards for a sufficient affidavit under § 144, it is unnecessary for the Court to refer the motion to another judge for further consideration.[28]

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for judicial disqualification[29] is **DENIED**.

New Orleans, Louisiana, March 13, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[28] The government argues that Akula's § 144 motion is untimely for the same reasons that his § 455 motion is untimely. The Court does not reach this issue because it has determined that Akula's allegations are insufficient. However, it recognizes the government's concerns as to a potentially dilatory motivation underlying Akula's motion.

[29] R. Doc. No. 118.