UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                                        No. 21-98

SHIVA AKULA                                                              SECTION I

## ORDER & REASONS

Before the Court is the government's motion for a scheduling order,[1] which *pro se* defendant Shiva Akula ("Akula") opposes.[2] Akula "fully understands that a scheduling order is required,"[3] but makes two objections to the government's proposed scheduling order: first, that it "proposes a blanket non-disclosure of all witness statements [pursuant to the Jencks Act] until five days before trial" and, second, that it does not provide sufficient time to review the discovery which, Akula alleges, he was first provided on March 7, 2023.[4] Akula also requests that the Court continue the trial, currently set for May 15, 2023, until August of 2023.[5]

In response to Akula's opposition, the government states that the proposed timing of Jencks Act[6] disclosures is due to witness-intimidation concerns. The government argues that these concerns are warranted as Akula has already filed a

---

[1] R. Doc. No. 152.
[2] R. Doc. No. 157.
[3] *Id.* at 1.
[4] *Id.* at 10-11.
[5] *Id.* at 19.
[6] The Jencks Act provides, in relevant part, that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of [subpoena], discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

civil lawsuit against a witness in this matter.[7] Akula's opposition to the instant motion states that he "intends to file a separate motion to address" the "blanket withholding of all witness statements."[8] Accordingly, the Court will address Akula's Jencks Act arguments in an order related to that future motion.

The Court previously addressed Akula's discovery-related concerns at two in-person status conference. During the first status conference, held on February 14, 2023, the Court contacted Akula's most recent counsel,[9] who stated that all discovery materials had already been provided to Akula.[10] During the same conversation, former counsel also agreed to send the entire discovery file to Akula's standby counsel, who could again share it with Akula.[11]

During the second conference, held on March 14, 2023, Akula again raised his discovery concerns. In particular, Akula raised concerns regarding whether certain elements of the discovery that had been produced to date was in a readable format.[12] The government stated that, while there had previously been difficulties producing certain patient records in readable form, that issue had been resolved while Akula was still represented by counsel.[13] That same day, the government also stated that

---

[7] R. Doc. No. 156, at 3.
[8] R. Doc. No. 157, at 11.
[9] Akula has been represented by six different attorneys in this matter. Akula's three most recent attorneys represented him jointly. *See* R. Doc. Nos. 6, 30, 38, 82.
[10] R. Doc. No. 150, at 30-32.
[11] *Id.* at 33.
[12] R. Doc. No. 158, at 10.
[13] *Id.* at 11. The government has provided a letter to Akula's former counsel, dated October 13, 2022, indicating that this discovery was provided on that date. R. Doc. No. 156-1.

it could provide the same documents in another format.[14] After hearing the parties' positions, the Court stated that it was satisfied that Akula had previously received the discovery in readable form, and made that finding on the record.[15]

Despite this, in briefing with respect to the instant motion, Akula insists that he was not provided with the discovery in readable form until March 7, 2023.[16] Akula has not provided any evidence to alter the Court's previous conclusion that Akula was provided with a full and readable discovery file both after the withdrawal of his previous counsel and after the February 14 status conference. However, out of an abundance of caution, the Court concludes that a brief continuance is appropriate in order to ensure that Akula has sufficient time to prepare for the trial.

Accordingly, the Court finds that the ends of justice are served by a continuance of the above-captioned matter and that those interests outweigh the best interests of the defendant and the public in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). In particular, the Court finds that a continuance will ensure that the parties have "reasonable time necessary for effective preparation" in this matter. § 3161(h)(7)(B)(iv). The period of delay resulting from the granting of this continuance shall be excluded under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

Because Akula has raised no further objections to the scheduling order, the Court will adopt it in modified form, adjusting the deadlines to account for the

---

[14] *Id.*
[15] *Id.* at 14.
[16] R. Doc. No. 157, at 11.

continuance of the trial.

For the foregoing reasons,

**IT IS ORDERED** that the trial is **CONTINUED** to **JUNE 12, 2023, at 8:30 A.M.**

**IT IS FURTHER ORDERED** that the government's motion[17] for a scheduling order is **DENIED IN PART AND GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Akula's request for earlier disclosure of Jencks Act materials and other witness statements is **DISMISSED WITHOUT PREJUDICE**, reserving Akula's right to file a timely pre-trial motion regarding the same.

**IT IS FURTHER ORDERED** that the Court sets the following guidelines and deadlines in this matter:

### Discovery

As of this order, the government and defense have completed informal letter discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure and Local Criminal Rule 12. The government and defense recognize that the parties will continue to investigate this matter beyond the discovery deadlines, and all parties agree to turn over any additional discovery materials in a timely fashion.

### *Brady* Materials

The government is aware of its continuing obligation to produce exculpatory and other impeachment material under *Brady v. Maryland* and its progeny and will

---

[17] R. Doc. No. 152.

satisfy this obligation. The government will provide any materials that are discoverable under *Brady*, to the extent they exist, during the Rule 16 discovery phase of this proceeding set forth above. However, materials or information which might constitute evidence discoverable under *Brady* and producible under the Jencks Act and Federal Rule of Criminal Procedure 26.2, will be produced with the Jencks and *Giglio* materials on June 7, 2023.

### Jencks Act and *Giglio* Materials

Materials to which the defendant and the government are entitled under Federal Rule of Criminal Procedure 26.2, the Jencks Act (18 U.S.C. § 3500) and *United States v. Giglio* will be provided to the opposing party by June 7, 2023. The parties may agree to provide materials at an earlier date to facilitate the expeditious presentation of evidence.

### Pre-Trial Motions

Any motions to dismiss must be filed by April 10, 2023. Any opposition must be filed by April 17, 2023. Any such motion will be deemed submitted on April 17, 2023.

The government will file any 404(b) motions by May 8, 2023. Any opposition must be filed by May 15, 2023. Any such motion will be deemed submitted on May 15, 2023.

To the extent the defendant intends to pursue any affirmative defenses, including but not limited to those set forth in Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, the defendant must give notice on or before April 28, 2023. Any

5

motions to exclude an affirmative defense shall be filed by May 12, 2023. Any opposition must be filed by May 19, 2023. Any such motion will be deemed submitted on May 19, 2023.

## Motions *in Limine*

Except as otherwise stated herein, all motions *in limine* shall be filed no later than May 8, 2023, with all oppositions due by May 15, 2023. Any such motion will be deemed submitted on May 15, 2023.

## Expert Witnesses

In accordance with the provisions of Rule 16(a)(1)(G), the government shall designate the type of experts it intends to utilize at trial and satisfy the requirements of Rule 16(a)(1)(G) by May 8, 2023. In accordance with the provisions of Rule 16(b)(1)(C), the defendant shall designate the type of experts he intends to utilize at trial and satisfy the requirements of Rule 16(b)(1)(C) by May 8, 2023. Any motions to exclude such experts shall be filed by May 15, 2023. Responses shall be due May 19, 2023. Any such motion will be deemed submitted on May 19, 2023.

## Stipulations

To facilitate judicial economy, where authenticity and technical predicates are not at issue, the government will submit a proposed stipulation relating to the authenticity of its evidence no later than May 22, 2023. The stipulations will encompass the authenticity of recorded audio/video tapes and business/public records. The defendant will review the proposed stipulations and propose any changes on May 22, 2023, with agreement on the final stipulations to be completed

no later than May 30, 2023. The government will likewise act accordingly with any stipulations proposed by the defense.

## Exhibits

The government must produce all summary evidence under Rule 1006 and materials underlying those summaries by May 22, 2023. The defense must produce all summary evidence under Rule 1006 and materials underlying those summaries by May 22, 2023.

The government will submit a proposed exhibit list by May 22, 2023. The defense will submit his proposed exhibit list by May 22, 2023.

Any motions *in limine* regarding exhibits shall be filed by May 25, 2023. Any opposition to such motions shall be filed by May 31, 2023. Any such motion will be deemed submitted on May 31, 2023.

New Orleans, Louisiana, March 22, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**