UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**　　　　　　　　　　　　**CRIMINAL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　　　　**No. 21-98**

**SHIVA AKULA**　　　　　　　　　　　　　　　　　　　　　**SECTION I**

### ORDER & REASONS

Before the Court are the following motions filed by *pro se* defendant Shiva Akula's ("Akula"): a "motion for additional time in which to perfect and file pre-trial motions,"[1] a motion *in limine* to exclude testimony by certain individuals,[2] a motion to challenge the indictment,[3] a motion to release grand jury transcripts,[4] and a motion to take depositions of medical experts.[5] The government opposes the motions.[6] For the reasons below, the Court denies the motions.[7]

---

[1] R. Doc. No. 124.
[2] R. Doc. No. 125.
[3] R. Doc. No. 126.
[4] R. Doc. No. 129.
[5] R. Doc. No. 131.
[6] R. Doc. No. 140.
[7] The Court is aware that Akula has recently filed a notice of appeal as to the Court's denial of his motion to recuse the undersigned judge. R. Doc. No. 168. "The filing of a notice of appeal is an event of jurisdictional significance —it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The district court retains jurisdiction, however, when the notice of appeal relates to an order that is not immediately appealable." *Darrington v. BP Expl. & Prod. Inc.*, No. 17-3139, 2022 WL 3586772, at *1 n.1 (E.D. La. Aug. 22, 2022) (Ashe, J.) (citations omitted). "Questions concerning the disqualification of judges are not immediately appealable." *Terrell v. City of El Paso*, 176 F. App'x 621, 622 (5th Cir. 2006) (per curiam). Accordingly, the Court retains jurisdiction to consider Akula's motions.

1

## I.   FACTUAL BACKGROUND

Akula is charged with 23 counts of health care fraud in violation of 18 U.S.C. § 1347.[8] Akula was previously represented by counsel, but is now proceeding *pro se*.[9]

## II.   LAW & ANALYSIS

### a. Motion for Additional Time to File Pre-trial Motions

Akula requests "additional time" to file unspecified motions.[10] He asserts that additional time is necessary because he allegedly has not received discovery materials from his former counsel.[11] He also states that he "has obtained credible information regarding the character and form of the indictment that may be challenged (in a credible way) if Defendant is given a full opportunity to obtain, review, and prepare additional motions."[12]

The Court has already addressed Akula's allegations regarding discovery during two in-person status conferences, both of which were transcribed by a Court reporter,[13] as well as in a recent order and reasons on the government's opposed motion for a scheduling order.[14] The Court has repeatedly stated that it has not been provided with credible evidence in support of Akula's contention that he and/or his previous counsel did not timely receive the discovery materials and, therefore, that Akula has not been provided adequate time to prepare for trial.

---

[8] *See generally* R. Doc. No. 1.
[9] *See* R. Doc. Nos. 115, 120. Akula has had six different attorneys in this matter. *See* R. Doc. Nos. 6, 25, 30, 43, 86.
[10] R. Doc. No. 124, at 1.
[11] *Id.* at 2.
[12] *Id.*
[13] R. Doc. Nos. 121, 149.
[14] R. Doc. No. 161.

Even so, since the filing of the instant motion, the Court has continued the trial twice—once for a period of approximately 60 days,[15] and then for an additional 30 days.[16] Akula therefore has been granted significant additional time to prepare for trial.[17] Akula has not provided sufficient reasons in support of his motion for additional time to file pretrial motions. That motion will therefore be denied.

### b. Motion *in limine*

In his motion *in limine*, Akula requests that the testimony of "potential government witness[es] Kelly Anderson and Sue May" as well as that of "[a]ll other witnesses who were employees at Canon Hospice during the period covered by the indictment" be excluded.[18] The substance of the motion *in limine* is contained in a single page. Akula provides no factual background, no reasoning, and no legal authority for this request. Even construing the *pro se* motion liberally, *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), the Court can identify no grounds on which it could be granted. The motion will therefore be denied.

---

[15] R. Doc. No. 127.
[16] R. Doc. No. 161. The Court also adopted a scheduling order setting forth deadlines for pretrial motions. *Id.*
[17] As to Akula's contention that he needs additional time to address issues with respect to the indictment, the Court notes that Akula filed a motion to challenge the indictment on the same day that the instant motion for extension of time was filed. R. Doc. No. 126. To the extent Akula plans to file further motions, he has been afforded ample time to prepare the same.
[18] R. Doc. No. 125, at 1.

### c. Motion to Challenge Indictment

Akula argues that the indictment should be dismissed due to alleged violations of Federal Rule of Criminal Procedure 6, the fact that the grand jury foreman signature is redacted, and allegedly improper forfeiture provisions.[19]

"Grand jury proceedings enjoy the presumption of regularity, and this presumption 'may be dispelled only upon particularized proof of irregularities in the grand jury process.'" *United States v. Arshad*, 325 F. Supp. 3d 695, 702 (E.D. La. 2018) (Morgan, J.) (quoting *United States v. R. Enters., Inc.*, 498 U.S. 292, 301 (1991)). "There must be some sort of corroborative evidence in order for the presumption of regularity to be overcome." *United States v. Patterson*, No. 19-27, 2019 WL 2289499, at *4 (E.D. La. May 28, 2019) (Barbier, J.).

"The purpose of an indictment is to allege each essential element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quotations and citations omitted). "Thus, an indictment is sufficient if it contains the elements of the offense charged and fairly

---

[19] R. Doc. No. 126, at 1. In the motion, Akula references "Rule 6(c)(3)(E)(I)." *Id.* at 3. No such rule exists in the Federal Rules of Criminal Procedure. It is possible that Akula intends to reference Federal Rules of Criminal Procedure 6(e)(3)(E)(i) or (ii), which provide, respectively, that "[t]he court may authorize disclosure . . . of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding [or] (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." For the reasons stated throughout this opinion, Akula's motion does not meet the standards applicable to motions brought pursuant to these subsections.

informs the defendant of the charge against which he must defend." *Id.* (quotations and citations omitted).

Akula alleges that the indictment is insufficient because it "fail[s] to specify and show a proper presentment" or "indicate whether a proper quorum was present during and continuing through each period of the grand jury panel," and because it "did not include a foreman signature."[20] As an initial matter, the indictment does contain the foreperson's signature, but that signature is redacted in order to protect that person's anonymity.[21] Additionally, though the indictment does not state the number of grand jurors present, there is no "corroborative evidence" to suggest that a quorum was not present. *Patterson*, 2019 WL 2289499, at *4. As such, these complaints fail to overcome the presumption of regularity afforded to grand jury proceedings. *Arshad*, 325 F. Supp. at 702.

Akula further complains that the indictment improperly "omits . . . the names of doctors and medical providers that were materially involved in acquiring, utilizing, billing and generating the alleged money that was the product of the alleged medical fraud" and that "a hearing is needed by the court to determine the legal veracity of [the] indictment."[22] This argument lacks legal merit. As noted, an indictment need

---

[20] *Id.*
[21] R. Doc. No. 1, at 11.
[22] R. Doc. No. 126, at 2. Akula also argues that "[an] issue exist[s] as to what the grand jury was told in its orientation to the matter, was the grand jury drawn on issues involving a person, a company, a cast of medical providers with a single investor." *Id.* The Court is not entirely certain what Akula means by this statement. However, the statement does not appear to set forth grounds that would change the conclusions set forth above.

only "contain[ ] the elements of the offense charged and fairly inform[ ] the defendant of the charge against which he must defend." *Lawrence*, 727 F.3d at 397. Akula is not entitled to an indictment that discloses the identities of doctors and medical providers allegedly involved in the alleged crimes.[23]

Finally, Akula alleges that "[t]he indictment failed or otherwise omitted to provide a legal notice of forfeiture that shows the NEXUS between the alleged medical fraud . . . and the assets seized and claimed via forfeiture," and that some of the money and property seized "had not [sic] direct connection to the business operations for which Defendant was merely an Investor."[24] Akula's challenges to the forfeiture provisions of the indictment are premature. *See United States v. Impastato*, No. 05-325, 2008 WL 373698, at *1 (E.D. La. Feb. 7, 2008) (Duval, J.) ("The issues of the source of the funds, whether the defendant still has possession of any funds that are subject to forfeiture, and the total amount of those funds are factual issues that are central to the allegation of forfeiture. Therefore, any resolution at this time would involve deciding a factual issue that must be left to trial."). Accordingly, Akula's motion to challenge the indictment will be denied without prejudice as premature.

### d. Motion to Release Grand Jury Transcripts and for Return of Property

In this motion, Akula alleges that the government unlawfully obtained privileged attorney-client communications and disclosed those documents to the grand jury.[25] Akula states that he "believes that a previous grand jury entered a 'NO

---

[23] Akula cites to 28 U.S.C. § 1867, which sets forth the procedures for challenging jury selection in a criminal trial. This statute is inapplicable to grand jury proceedings.
[24] R. Doc. No. 126, at 2.
[25] R. Doc. No. 129, at 6.

6

BILL' on similar allegations [ ] without the use of the privileged documents."[26] Akula alleges that the government investigators "attempted to coerce" Akula's former lawyer, who represented him prior to the indictment, "into becoming a cooperating witness against" Akula.[27] He also alleges that the government "attempted to coerce Dr. Akula to cooperate against" the lawyer.[28]

Akula asserts that he "is entitled to review the extent of the attorney-client communications which were revealed to the grand jury" and that, to this end, the government should disclose "all grand jury transcripts."[29] He also seeks an order requiring that the government "produce a log of all privileged documents in its possession with a list of names of all employees who have seen the documents" and "return[ ] all privileged documents."[30] Alternatively, he requests that the Court "assign a special magistrate to oversee and inspect in-camera the privileged documents."[31]

"The proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings." *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993) (citation omitted). "The 'indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity.'" *Newton v. United States*,

---

[26] *Id.*
[27] *Id.* at 5.
[28] *Id.*
[29] *Id.* at 6–7.
[30] *Id.* at 7.
[31] *Id.* Akula also asserts that counsel for the government "has [ ] become inappropriately personally and emotionally involved in the prosecution" of the instant matter. These allegations have no bearing on the instant motion and the Court does not address them. *Id.* at 2.

733 F. App'x 196, 196 (5th Cir. 2018) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). A party seeking disclosure of grand jury materials must "show that a 'particularized need' exists for the materials that outweighs the policy of secrecy." *Id.* (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959)).

"Unspecific allegations of need or mere speculation are not adequate to show particularized need for disclosure of grand jury transcripts." *Arshad*, 325 F. Supp. 3d at 704 (cleaned up) (quotations and citations omitted). "A request for grand jury transcripts 'must amount to more than a request for authorization to engage in a fishing expedition.'" *United States v. Johnson*, No. 17-201, 2018 WL 6242491, at *8 (E.D. La. Nov. 29, 2018) (Africk, J.) (quoting *United States v. Wooten*, No. 03-40735, 2004 WL 605241, at *1 (5th Cir. 2004)). "[G]eneral assertions of improprieties . . . are reflective of an impermissible fishing expedition" intended to see if there is "something in the grand jury records that might support further relief." *Newton*, 733 F. App'x at 196–97 (cleaned up) (quotation and citation omitted).

The only evidence Akula provides is what appears to be a PowerPoint slide containing emails between his former counsel, himself, and another employee of Akula's business.[32] Akula alleges that, "[p]re-indictment, the government forwarded [this] PowerPoint presentation to Dr. Akula's previous counsel."[33] Akula "believes" that these slides were shown to the grand jury,[34] but he has no evidence establishing

---

[32] R. Doc. No. 129-2.
[33] R. Doc. No. 129, at 5–6.
[34] *Id.* at 5.

this.[35] He also provides no evidence for the assertion that two prior grand juries returned a "no true bill" against him,[36] an allegation which the government denies.[37]

Akula likewise provides no evidence for his assertion that the government failed to perform a taint review of the documents it obtained. In contrast, the government provides a letter to Akula's former counsel outlining the efforts it undertook to avoid improper disclosure of privileged material, and asking Akula's former counsel to review certain documents for privileged material.[38] Akula does not state whether his former attorney identified any privileged materials in connection with the materials referenced in that letter.

---

[35] The government also argues that the cited emails are not protected by attorney-client privilege because the parties participating in those communications are discussing a future crime. R. Doc. No. 140, at 10. It is unnecessary for the Court to reach this argument with respect to the instant motion.

[36] R. Doc. No. 129, at 6. Akula makes this allegation "upon information and belief."

[37] R. Doc. No. 140, at 9. The government does not state whether the emails referenced by Akula were disclosed to the grand jury. The Court notes, however, that other courts have found that disclosure of privileged materials to a grand jury does not, on its own, warrant dismissal of the indictment. *United States v. Kingston*, 971 F.2d 481, 491 (10th Cir. 1992) ("Unless prejudice is shown, even if Appellant's attorney-client privilege were breached by the questioning of [attorneys] before the grand jury, such a breach does not bar the prosecution from proceeding altogether; it simply bars the prosecution from presenting the tainted evidence at trial."); *United States v. Ahmad*, 14-164, 2014 WL 3500239, at *2 (E.D. Va. July 15, 2014) (denying defendant's motion to dismiss the indictment, which alleged disclosure of attorney-client privileged materials to grand jury, because the defendant did not show that any such disclosure "substantially influenced the grand jury to indict"); *United States v. Rondeau*, 92-80, 2012 WL 1900553, at *2 (W.D.N.Y. May 24, 2012) ("Even crediting defendant's allegations as true, the alleged violations of the attorney-client privilege before the grand jury do not rise to the level of Governmental misconduct that merits dismissal of the indictment in this case.").

[38] R. Doc. No. 140-2 (letter to Akula's former counsel, dated July 6, 2022, stating that "[t]he prosecution team has not reviewed these documents that were responsive to a search of [certain] terms. . . . We ask that you conduct a privilege review of these documents and provide a privilege log back to the U.S. Attorney's office.").

Because Akula's motion is premised only on speculation, he cannot meet his burden to show that any need for disclosure outweighs the importance of maintaining secrecy around grand jury proceedings. *Miramontez*, 995 F.2d at 59; *Arshad*, 325 F. Supp. 3d at 704. His motion for the release of grand jury transcripts will therefore be denied.[39]

### e. Motion to Take Depositions of Medical Experts

In this motion, Akula asks the court to allow him to "tak[e] the deposition of two [or] maybe three medical experts with testimony that may be [dispositive] of the innocence or guilt[ ] of defendant."[40] Akula states that he "has previously been a patient of a Psychiatrist and Therapist," "has also been prescribed medication for Anxiety, Manic and possibly bi-polar manifestations" and that he may "have a defense that negates one of the main elements needed to be convicted of the crime charged in the indictment."[41]

Federal Rule of Criminal Procedure 15(a)(1) provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial" and that "[t]he court may grant the motion because of exceptional circumstances and in the interest of justice." "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular characteristics of each case to determine

---

[39] Additionally, his request for a return of all privileged documents pursuant to Federal Rule of Criminal Procedure 41(g) will be denied, as he has not provided any evidence that any of his property was subject to "an unlawful search and seizure." *See* Fed. R. Crim. P. 41(g) (also providing that, in order to grant such a motion, "[t]he court must receive evidence on any factual issue necessary to decide the motion.").
[40] R. Doc. No. 131, at 1.
[41] *Id.*

whether the 'exceptional circumstances' requirement has been satisfied." *United States v Farfan-Carreon*, 935 F.2d 678 (5th Cir. 1991). "The words 'exceptional circumstances' bespeak that only in extraordinary cases will depositions be compelled." *United States v. Lucas*, 516 F.3d 316, 348 (5th Cir. 2008) (quotation and citation omitted).

The Advisory Notes to Rule 15 state that a court should grant a motion for depositions only "if it appears that (a) the prospective witness will be unable to attend or be prevented from attending the trial, (b) the prospective witness' testimony is material, and (c) the prospective witness' testimony is necessary to prevent a failure of justice." Fed. R. Crim. P. 15, 1975 Advisory Committee's Note). Exceptional circumstances may be present when, for example, "a witness cannot be served, is [in a foreign country and is ] unlikely to return to the United States, and the prospective testimony is material to the moving party's case," *United States v. Chaparro-Luna*, 790 F. App'x 560, 565 (5th Cir. 2019) (per curiam).

Akula has not alleged any exceptional circumstances in support of his request to take depositions, and his motion will therefore be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for an extension of time,[42] the motion *in limine*,[43] the motion for release of grand jury transcripts and return of property,[44] and the motion to take depositions of medical experts[45] are **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent the motion to challenge the indictment[46] challenges the forfeiture provisions of the indictment, the motion is **DENIED AS PREMATURE**. In all other respects, the motion is **DENIED**.

New Orleans, Louisiana, March 28, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[42] R. Doc. No. 124.
[43] R. Doc. No. 125.
[44] R. Doc. No. 129.
[45] R. Doc. No. 131.
[46] R. Doc. No. 126.