UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-98** |
| **SHIVA AKULA** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] to stay the above-captioned matter filed by *pro se* defendant Shiva Akula ("Akula"). The government opposes the motion. For the reasons below, the Court denies the motion.

### I.  FACTUAL BACKGROUND

Akula is charged with 23 counts of health care fraud in violation of 18 U.S.C. § 1347.[2] Akula was previously represented by counsel, but is now proceeding *pro se*.[3] Akula recently filed a *pro se* motion to disqualify the undersigned judge,[4] which this

---

[1] R. Doc. No. 136. The Court is aware that Akula has recently filed a notice of appeal as to the Court's denial of his motion to recuse the undersigned judge. R. Doc. No. 168. "The filing of a notice of appeal is an event of jurisdictional significance —it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The district court retains jurisdiction, however, when the notice of appeal relates to an order that is not immediately appealable." *Darrington v. BP Expl. & Prod. Inc.*, No. 17-3139, 2022 WL 3586772, at *1 n.1 (E.D. La. Aug. 22, 2022) (Ashe, J.) (citations omitted). "Questions concerning the disqualification of judges are not immediately appealable." *Terrell v. City of El Paso*, 176 F. App'x 621, 622 (5th Cir. 2006) (per curiam). Accordingly, the Court retains jurisdiction to consider Akula's motion.
[2] *See generally* R. Doc. No. 1.
[3] *See* R. Doc. Nos. 115, 120.
[4] R. Doc. No. 118.

1

Court denied.[5] Akula has also filed a petition for a writ of mandamus in the Fifth Circuit, asking that court to require that the undersigned "immediately disclose his financial holdings and conflicts of interest."[6] In his petition to the Fifth Circuit, Akula reiterates the claims he made in his motion for judicial disqualification, alleging, among other things, that the undersigned has a financial interest in Akula's criminal prosecution, and has received bribes related to the same.[7]

In the instant motion, Akula asserts that this matter should be stayed "pending the outcome of [his] petition."[8]

## II.   LAW & ANALYSIS

In evaluating requests for a stay pending appeal, courts "evaluate '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 397 (5th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "The first two factors are the most critical" and "the proponent of a stay bears the burden of establishing its need." *Id.* (quotations and citations omitted).

As to the first factor "[i]t is not enough that the chance of success on the merits be better than negligible." *Nken*, 556 U.S. at 434 (quotation and citation omitted). "By

---

[5] R. Doc. No. 146.
[6] R. Doc. No. 136-1.
[7] *Id.* at 12.
[8] R. Doc. No. 136, at 1.

the same token, simply showing some possibility of irreparable injury . . . fails to satisfy the second factor." *Id.* at 434–35 (quotation and citation omitted). When the government is itself a litigant, the third and fourth factors overlap. *See id.* at 435. In considering those factors, whether a "stay [would] cause [the opposing party] difficulties in presenting its case" is a relevant consideration. *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011).

Akula asserts that a stay is warranted because the undersigned "has tacitly admitted to having received bribes from the insurance industry" and that "if the criminal proceeding is permitted to proceed under the administration of [the undersigned], any conviction will be null and void."[9] Akula also asserts that "[b]oth the government and Dr. Akula's own lawyers have conspired to not provide him access to any evidence against him" thereby hindering his preparation of his defense.[10] He argues that "a denial of the stay will constitute further evidence in support of [his] claims of human rights violations" he alleges have taken place in connection with his prosecution.[11]

Akula's motion does not set out reasons sufficient to warrant a stay. First, he has not "made a strong showing that he is likely to succeed on the merits" of his petition. *Tex. Democratic Party*, 961 F.3d at 397. As the Court explained in its order and reasons denying Akula's motion for judicial disqualification, Akula's allegations regarding the financial interests of the undersigned are both unsupported and

---

[9] *Id.* at 3.
[10] *Id.*
[11] *Id.*

factually incorrect.[12] As the Court has previously advised Akula, the undersigned discloses his financial holdings in compliance with applicable law, and those disclosures are publicly available.[13] In both his motion before this Court and his petition to the Fifth Circuit, Akula points to nothing in the undersigned's financial disclosures that would support disqualification in this matter. With no evidence to support his argument, he cannot make "a strong showing that he is likely to succeed on the merits." Accordingly, the first factor weighs against staying this matter.

Akula also has not shown that he "will be irreparably injured absent a stay." *Tex. Democratic Party*, 961 F.3d at 397. In support of his motion, he argues that "[b]oth the government and Dr. Akula's own lawyers have conspired to not provide him access to any evidence against him, and he has thus been intentionally precluded from preparing a defense."[14] He argues that his "Due Process right to defend this case and be provided a complete copy of the alleged evidence against him" weighs in favor of a stay.[15] This Court has repeatedly addressed Akula's concerns regarding discovery,[16] and will not do so again here. However, the Court notes that, by his own account, Akula has been in possession of the discovery since at least March 7, 2023.[17]

---

[12] R. Doc. No. 146.
[13] *Id.* at 9 & n.24 (directing Akula to the website on which the disclosures can be accessed).
[14] R. Doc. No. 136, at 3.
[15] *Id.*
[16] *See* R. Doc. No. 161, at 2–3 (order and reasons continuing trial date and adopting a scheduling order, discussing Akula's discovery-related arguments, and noting that the same had been discussed during two prior in-person conferences).
[17] *E.g.*, R. Doc. No. 157, at 9 (Akula's opposition to the government's motion for a scheduling order, alleging that "[i]t was not until March 7, 2023" that Akula received the discovery).

The trial date is currently set for June 12, 2023, affording Akula at least three months to review the discovery. To the extent that Akula challenges the timing of witness statement disclosures, those arguments will be addressed in connection with other motions currently pending before the Court.[18] Akula has not shown that he is likely to suffer irreparable injury in the absence of a stay.

Akula has likewise not shown that the government will not be "substantially injure[d]" by a stay. *Tex. Democratic Party*, 961 F.3d at 397. This matter has been pending since August of 2021.[19] Further delay could detrimentally affect witness testimony.[20] *See United States v. Foakes*, 17-533, 2023 WL 2394533, at *4 (N.D. Cal. Mar. 6, 2023) (declining to stay a criminal matter, and noting that "[f]urther delay of this trial places witnesses in the unenviable position of having to linger in limbo and prolonging whatever fears they may have about testifying"); *United States v. Kight*, 16-99, 2018 WL 10700898, at *3 (N.D. Ga. Apr. 26, 2018) (declining to stay a criminal matter, noting "that witness memories only continue to grow stale the longer the case is pending" (quotation and citation omitted)).

Finally, Akula has not shown that a stay would not harm the public interest. *Tex. Democratic Party*, 961 F.3d at 397. "'[T]here is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests

---

[18] *E.g.*, R. Doc. No. 177 (Akula's pending "motion to vacate June 12, 2023 trial date and to set a new trial date once government witness statements have been disclosed" which addresses the issue of witness statement disclosure).
[19] *See* R. Doc. No. 1.
[20] The Court notes that the government has filed a motion requesting that the trial be continued for approximately one month due to counsels' unavailability. R. Doc. No. 186.

of the accused.'" *Foakes*, 2023 WL 2394533, at *4 (quoting *United States v. MacDonald*, 435 U.S. 850, 862 (1978)). Akula has not shown that this public interest would not be harmed by further delay in this matter. Therefore, the public interest counsels against further delay of this matter.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to stay is **DENIED**.

New Orleans, Louisiana, April 3, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**