UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-98** |
| **SHIVA AKULA** | **SECTION I** |

### ORDER & REASONS

Before the Court is *pro se* defendant Shiva Akula's ("Akula") "ex parte motion for consolidation of *USA v. Akula* (21-cr-98) and *Akula v. Cassidy* (23-cv-1057) under the judicial authority of U.S. [District Judge] Sarah S. Vance."[1] Akula asserts that this matter should be transferred "to the judicial remit of [Judge] Vance" because the undersigned "is conflicted and thus permanently foreclosed from adjudicating [this] case with the impartiality required by law" and because the two cases "are, pursuant to [Local Rule] 3.1 inter-related cases, in that the legal question sought in the criminal matter has already been answered in the civil matter."[2] For the reasons below, the Court denies the motion.[3]

In the civil matter to which Akula refers, Akula has alleged causes of action against a prosecuting attorney in this criminal matter and a lawyer who formerly

---

[1] R. Doc. No. 185.
[2] *Id.* at 1.
[3] Akula filed this motion, improperly, as an *ex parte* motion. However, having reviewed the motion, the Court concludes that a government response is not necessary to assist the Court in assessing the motion's merits.

1

represented Akula in this criminal matter, among others.[4] The civil matter was transferred to this district from the Southern District of Florida,[5] and was initially assigned to Judge Vance. However, the civil case was recently reassigned to Judge Morgan due to apparent relatedness with another case that Akula filed in this district, over which Judge Morgan presided.[6]

As stated, Akula provides two reasons that this case should be transferred.[7] As to the first, this Court has already rejected Akula's allegations regarding the undersigned's ability to preside over this case in an unbiased manner.[8] Those allegations—which remain unsupported—are not sufficient reason to transfer this matter to another judge.

As to the second, this Court's Local Civil Rule 3.1, to which Akula refers, provides for the transfer of civil matters. Nothing in the rule provides for the transfer of a *criminal* matter, such as the instant one, to the judge presiding over an allegedly related[9] civil matter. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

---

[4] *Akula v. Cassidy, et al.*, E.D. La. Case No. 23-1057.
[5] *Akula v. Cassidy, et al.*, E.D. La. Case No. 23-1057, R. Doc. No. 16.
[6] *Akula v. Phillips*, E.D. La. Case No. 22-1070.
[7] Though Akula requests that the case be transferred "to the judicial remit of [Judge] Vance," the Court assumes that Akula's request to "consolidate" the criminal matter with the civil matter stands, regardless of the fact that the civil matter has now been transferred to Judge Morgan.
[8] R. Doc. No. 146 (denying Akula's motion for the disqualification of the undersigned).
[9] Akula assumes that the criminal and the civil matter are related. The Court notes, however, that the civil matter involves issues not before this Court in the criminal matter, such as claims against Akula's former counsel.

New Orleans, Louisiana, April 5, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**