UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 21-98 |
| SHIVA AKULA | SECTION: "I" (4) |

## ORDER

Before the Court is an **Omnibus Motion to Compel Discovery (R. Doc. 130)** filed by *pro se* Defendant, Shiva Akula ("Akula"). Akula seeks a Court Order compelling the Government to produce the following discovery: (1) Government PowerPoint Statements, (2) Patient Medical Records, (3) Witness Statements, and (3) Controlled Audio Recording of "Sue May". The motion is opposed. R. Doc. 141.

### I.     Background

In August of 2021, a federal grand jury charged Akula in a 23-count indictment with health care fraud. R. Doc. 1. According to the indictment, Akula submitted false and fraudulent claims to Medicare, including improperly billing for general inpatient services to maximize his reimbursement, despite knowing those services were not medically necessary. *See* R. Doc. 1, p. 8. The indictment alleges that Akula submitted fraudulent claims related to six (6) patients and that the dates of the purported services were between January 2017 and August 2017. *See* R. Doc. 1, pp. 9-10.

Akula filed the instant motion on February 27, 2023. R. Doc. 130. According to Akula, the Government has not produced any discovery to Akula that is material to this criminal case. On February 28, 2022, Akula alleges that Attorney Bernard Cassidy ("Cassidy") and Robert Malove ("Malove") both made pro hac vice appearances through Attorney Robert Toale and made representations that they would obtain discovery and take this matter to trial. R. Doc. 130, p. 2.

Akula contends that on February 21, 2023, Cassidy claimed that he had produced the "entire discovery file" in a Passport drive to Akula on January 13, 2023. *Id*. at 3.[1]

In reviewing the Passport drive, Akula alleges that there is evidence that the government has received attorney-client privileged communications between Akula and his former counsel, which the Government then produced to Cassidy. *Id*. at 4. Specifically, Akula alleges that the drive does not contain any patient files referenced in the indictment or any witness statements interviewed by the Government. *Id*. at 5. Akula contends that the drive contains public pleadings filed in this case on PACER and privileged attorney-client communications between Akula's former counsel, William Barzee and Akula. *Id*.

However, on October 13, 2022, Akula alleges that Prosecutor Kathryn McHugh ("McHugh") sent correspondence to Cassidy informing him that new documents had been uploaded to *USAfx*, a shareholder to which Cassidy was given access. *Id*. Akula contends that he has not been provided with any documents uploaded to *USAfx* which is in the sole custody and control of the Government. *Id*.

It is Akula's position that the Government is required to turn over the requested documents and that Prosecutor McHugh "continues to play games with discovery." *Id*. at 6. Furthermore, Akula contends that McHugh's speculation that Akula will sue a witness or witnesses based on their statements is not a basis for non-disclosure of discovery. *Id*.

The Government filed an opposition in response to Akula's instant motion on March 8, 2023. R. Doc. 141. Essentially, the Government argues that Akula's instant motion is moot. Specifically, the Government contends that Akula already possesses the information he requests. *Id*. at 1. Moreover, with respect to the witness statements, Akula has already sued a witness in this

---

[1] *See* Exhibit 2.

2

case. *Id*. Therefore, the Government proposed a Jencks Act deadline of May 10, 2023, to prevent further attempts at witness intimidation. *Id*.

Akula filed a reply to the Government's opposition on March 27, 2023. R. Doc. 170. In his reply, Akula alleges that on March 7, 2023, he was provided with a thumb drive by Stephen Shapiro ("Shapiro"), standby counsel. *Id*. at 1. Akula alleges that the thumb drive contains over 375,000 documents consisting of patient medical records, emails, billing records, etc., of which Akula has not yet had a chance to review. *Id*. at 2. Regarding the requested audio recording of "Sue May", Akula contends he did not receive a copy, and asks the Court to compel the recording so that he can have the conversation transcribed in preparation of his defense. *Id*. at 6. Further, Akula contends he has still yet to receive the witness statements. *Id*. at 2.

## II.     Standard of Review

The rule governing discovery in criminal cases, Rule 16 of the Federal Rules of Criminal Procedure, provides in part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, *if the item is within the government's possession, custody, or control* and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E)(emphasis added). The explicit language of the rule requires that the requested information be in the possession, custody or control of the Government. Rule 16 does not require the Government to provide a defendant with information that it does not possess. *See United States v. Amaya-Manzanares*, 377 F.3d 39, (1st Cir. 2004) (holding that Rule 16 "by its terms is directed to materials that the government actually possesses" and does not apply

to documents until they are created) (citing *United States v. Kahl*, 583 F.2d 1351, 1354 (5th Cir. 1978).

### III.   Analysis

Akula has filed the instant motion seeking a Court Order compelling the Government to produce several categories of discovery: (1) Government PowerPoint Statements, (2) Patient Medical Records, (3) Witness Statements, and (3) Controlled Audio Recording of "Sue May". Akula has requested that the Government turn over the requested discovery in the presence of the Honorable Judge Africk to ensure that it does in fact exist, or in the alternative, compel the Government to share the *USAfx* folder with Akula's email so that he can access it. R. Doc. 130, p. 7.

First, Akula seeks four (4) Government statements and/or positions taken by the Government in a PowerPoint slide. The four (4) statements and/or positions consist of:

(1) Physician interview statements;
(2) Documents supporting the statement that some physicians were not involved or aware of "CANON's" billing services;
(3) Medical records for a beneficiary; and
(4) Documents that support the statement that examinations were completed by Akula's sister, who is not a licensed physician.

Second, Akula seeks the medical records of six (6) patients whom he alleges that the Government is arguing that he engaged in criminal conduct against. Third, Akula seeks material witness statements by whom McHugh speculates Akula would sue if disclosed. Fourth, Akula seeks an audio recording between a material witness "Sue May" and Akula, which Akula alleges that McHugh has made several references to in the past. Akula contends that Sue May is a former nurse and administrator that worked for Canon Hospice who was indicted and pled guilty to several charges. *Id*. at 9.

The Government has taken the position that in compliance with its constitutional and discovery obligations, it has made a series of productions to Akula's previous attorneys. R. Doc. 141, p. 5. The Government contends these productions included emails and other documents seized from Akula's company, Canon Hospice, as well as documents obtained from other sources. *Id*.

The Government alleges that for several months, patient files were not in a format such as pdf where the Government could send them in a production. *Id*. Thus, the Government was working with Akula's previous attorneys to provide them access to the patient files while it converted them to a more manageable format. *Id*. The Government contends that process is complete, and Akula has access to patient files, as evidenced by his previous attorney's letter attached as an exhibit to Akula's motion. *Id*.; *See* R. Doc. 130-1 (stating that the attorney provided Akula with a hard drive that contains "Excel and pdfs of the patient records indicated in the Counts").

As for the audio recording of witness Sue May, the Government contends that it explained in a July 26, 2022, letter to Akula's previous counsel that it was among other physical evidence counsel could review in the FBI's evidence room. *Id*.; *See* Exhibit B. The Government alleges that at a recent pre-trial conference, Judge Africk contacted Akula's previous counsel, Cassidy, via telephone, and Cassidy confirmed that they had provided the discovery in their possession to Akula. *Id*. The Government contends that Cassidy then followed up with a letter confirming that they had provided Akula with "the entire discovery file." *See* Rec. Doc. 130-2.

The Government argues that it is unclear what Akula means when he says he has not been provided with any relevant discovery. *Id*. In any event, the Government contends that it is in the process of re-producing the discovery to Akula's standby counsel, Shapiro. *Id*. The Government contends that the one exception is Akula's request for witness statements. As set forth above, the

5

Government argues that under the Jencks Act, the Government has no obligation to produce witness statements until after the witness has testified, citing *United States v. Ware*, No. 9:18-CR-43, 2019 WL 2268959, at *1 (E.D. Tex. May 24, 2019).

The Court finds that based on the information above, Akula's instant motion is moot in part. Regarding the Government PowerPoint statements and patient medical records, Akula has stated that he received a thumb drive on March 7, 2023 that appears to contain this information. *See* R. Doc. 170, pp. 1-2.

Furthermore, as to the audio recording of "Sue May", the Government contends, and Akula does not dispute, that he listened to the recording in the FBI office on March 23, 2023. R. Doc. 170, p. 4.; *See United States v. Safavian*, 233 F.R.D. 12, 13 (D.D.C. 2005) (finding that Fed. R. Crim. P. 16 does not authorize the discovery or inspection of statements made by prospective government witnesses except as provided for by the Jencks Act, 18 U.S.C.S. § 3500. Fed. R. Crim. P. 16(a)(2)). R. Doc. 170, p. 4. The Court is not aware of any case law that requires the Government to provide a copy of the recording for Akula to transcribe in lieu of making the recording available for Akula to listen to. Moreover, while listening to the recording, Akula could have used the opportunity to take down salient notes for use in the development of his defense. His failure to do so during his initial opportunity to listen to the recording does not create a reason to require production for transcription.

However, as to the requested witness statements, the Government has no obligation to produce witness statements until after the witness has testified. *See Ware*, 2019 WL 2268959, at *2. The witness statements will be made available to Akula by June 7, 2023.[2] Therefore, the Court denies Akula's request to compel witness statements.

---

[2] The Court denied Akula's request for earlier disclosure of Jencks Act materials and other witness statements. *See* R. Doc. 161, p. 4.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Omnibus Motion to Compel (R. Doc. 130)** is **DENIED.**

New Orleans, Louisiana, this 11<u>th</u> day of April 2023.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**