## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-98** |
| **SHIVA AKULA** | **SECTION I** |

### <u>ORDER & REASONS</u>

Before the Court are the following motions filed by *pro se* defendant Shiva Akula ("Akula"): a "motion to forever dismiss indictment based on government's refusal to disclose witness statements"[1]; a "motion to vacate June 12, 2023 trial date and to set a new trial date once government witness statements have been disclosed"[2]; and a "motion for order requiring pre-trial production of material subpoenaed pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for issuance of subpoena."[3] The government opposes the motions.[4] For the reasons below, the Court denies the motions.[5]

---

[1] R. Doc. No. 173.

[2] R. Doc. No. 177.

[3] R. Doc. No. 183.

[4] R. Doc. No. 195.

[5] The Court is aware that Akula has recently filed a notice of appeal as to the Court's denial of his motion to recuse the undersigned judge. R. Doc. No. 168. "The filing of a notice of appeal is an event of jurisdictional significance —it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The district court retains jurisdiction, however, when the notice of appeal relates to an order that is not immediately appealable." *Darrington v. BP Expl. & Prod. Inc.*, No. 17-3139, 2022 WL 3586772, at *1 n.1 (E.D. La. Aug. 22, 2022) (Ashe, J.) (citations omitted). "Questions concerning the disqualification of judges are not immediately appealable." *Terrell v. City of El Paso*, 176 F. App'x 621, 622 (5th Cir.

# I.    FACTUAL BACKGROUND

Akula is charged with 23 counts of health care fraud in violation of 18 U.S.C. § 1347.[6] Akula was previously represented by counsel, but is now proceeding *pro se*, although standby counsel has been appointed.[7]

# II.    LAW & ANALYSIS

## a.  Motion to Dismiss Indictment

In this motion, Akula argues that, based on Assistant U.S. Attorney Kathryn McHugh's ("McHugh") alleged "unilateral decision to blanketly withhold all government witnesses preventing Dr. Akula from preparing a defense" and her alleged "lack of candor with the Court claiming that she has disclosed all of the discovery when she had in fact been withholding all government's witness statements from the defense," the indictment should be dismissed.[8]

"The due process clause protects defendants against outrageous conduct by law enforcement agents[.]" *United States v. Rodriguez*, 603 F. App'x 306, 312 (5th Cir. 2015) (quotation and citation omitted). "Outrageous conduct" by the government can warrant dismissal of an otherwise sufficient indictment.[9] *See United States v.*

---

2006) (per curiam). Accordingly, the Court retains jurisdiction to consider Akula's motions.

    Akula also filed a petition for a writ of mandamus in the Fifth Circuit, wherein he made similar allegations regarding the undersigned's alleged conflicts of interest in this matter. The Fifth Circuit recently denied that petition. *In re Shiva Akula*, 5th Cir. Case No. 23-30118, R. Doc. No. 27 (Apr. 11, 2023).

[6] *See generally* R. Doc. No. 1.

[7] *See* R. Doc. Nos. 115, 120. Akula has had six different attorneys in this matter. *See* R. Doc. Nos. 6, 25, 30, 43, 86.

[8] R. Doc. No. 173, at 4.

[9] Akula does not argue that the indictment is legally insufficient.

*Sandlin*, 59 F.3d 749, 758 (5th Cir. 2009). "The standard for proving outrageous governmental conduct is extremely demanding." *Id*. "Government misconduct does not mandate dismissal of an indictment unless it is so outrageous that it violates the principle of fundamental fairness under the due process clause of the Fifth Amendment." *United States v. Mauskar*, 557 F.3d 219, 231–32 (5th Cir. 2009) (quotations and citations omitted).

"There is no general constitutional right to discovery in a criminal case[.]" *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). "Discovery in criminal cases is narrowly limited," and "is governed [primarily] by the Federal Rules of Criminal Procedure." *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982). Federal Rule of Criminal Procedure 16(a)(1) provides that certain information[10] is subject to disclosure. Rule 16(a)(2), however, provides:

> **(2) Information Not Subject to Disclosure.** Except as permitted by Rule 16(a)(1)(A)–(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. *Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.*

Fed. R. Crim. P. 16(a)(2) (emphasis added).

U.S. Code, Title 18, section 3500 ("the Jencks Act") in turn provides:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the

---

[10] Rule 16(a) provides for the disclosure of the following information, if certain criteria are met: a defendant's oral, written, or recorded statement, a defendant's prior criminal record, certain documents and objects, reports of examinations or tests, and expert witness materials. Fed. R. Crim. P. 16(a)(1)(A)–(G).

defendant) shall be the subject of subp[o]ena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

Pursuant to the Jencks Act, the government is required "to produce any statement by a witness it calls in the possession of the [g]overnment relating to the subject matter of the witness's testimony *after direct examination of the witness has been completed.*" *United States v. Yassine*, 574 F. App'x 455, 463 (5th Cir. 2014) (cleaned up) (quotations and citations omitted) (emphasis added). "[T]his production is not required until after the defendant moves for production of any covered statements after the witness has testified." *Id.* (quotations and citations omitted). "'The trial court *cannot compel* disclosure . . . at any earlier point'; however, early Jencks Act disclosure 'should be encouraged.'" *Id.* at 464 (quoting *United States v. McKenzie*, 768 F.2d 602, 609 (5th Cir. 1985)) (emphasis in *Yassine*).

Pursuant to the scheduling order currently in place in this matter, the government will disclose Jencks Act material the Wednesday before trial.[11] As the above-cited law makes clear, this disclosure affords Akula more time to review the witness statements than is statutorily mandated. Akula nevertheless asserts that the

---

[11] Though the Court recently continued the trial for approximately one month, it did not issue an updated scheduling order to reflect that continuance. *See* R. Doc. No. 193. Contemporaneous with this order and reasons, the Court will issue an updated scheduling order consistent with the July 10 trial date.

"unilateral decision" to not disclose witness statements further in advance of trial, for which the government "did not seek court approval"[12] has resulted in a violation of Akula's due process rights.[13] Akula further accuses McHugh of misleading Akula and the Court into "believ[ing] that witness statements were disclosed when they were not."[14] However, the Jencks Act deadline is consistent with the statute, and Akula points to no authority supporting the proposition that compliance with the Jencks Act could constitute a violation of due process rights. Moreover, the government has never represented to the Court that witness statements were previously disclosed; the government has merely represented that all discovery provided to Akula's previous counsel has now been provided to Akula.[15]

Akula has not shown that the government's position regarding disclosure of witness statements is "outrageous." *Mauskar*, 557 F.3d at 231–32. The government has complied with the orders of this Court and applicable law. In fact, the current deadline for disclosure of Jencks Act material in this matter is prior to the statutory deadline, and the government has not misled the Court or Akula regarding the disclosure of these materials. Akula has pointed to nothing that "violates the principle

---

[12] Akula's contention that the government attempted to conceal its intentions regarding Jencks Act disclosure is inaccurate, as the government included a proposed Jencks Act deadline in its proposed scheduling order. R. Doc. No. 152-2, at 2.

[13] R. Doc. No. 173, at 5–6.

[14] *Id.* at 6.

[15] *E.g.*, R. Doc. No. 158, at 9:5–:15 (counsel for the government stating, during a status conference, that it was providing "a copy of everything that's already been turned over").

of fundamental fairness under the due process clause of the Fifth Amendment." *Id.*
Accordingly, the motion to dismiss the indictment will be denied.

### b. Motion to Vacate Trial Date

The motion to vacate the trial date was filed prior to the latest continuance of
this matter, which moved the trial date from June 12 to July 10. In this motion, Akula
largely reiterates his objections to the Jencks Act deadline in this case.[16] He likewise
reiterates his contention that, after deciding to proceed *pro se*, he was not provided
with the discovery (not including witness statements) until March 7, 2023.[17] The
former contention is dispensed with above. The Court has already addressed the
latter contention on multiple occasions[18]; however, the Court also notes that, even
assuming that Akula did not receive the discovery until March 7, the July 10 trial
date affords him approximately four months to prepare for trial.

Akula also complains that he "is only [a] one man show as far as reviewing of
the discovery goes," and references his previously motion to alter the protective order
in this case to allow him to retain other individuals to review the discovery.[19] That
motion is pending before the United States Magistrate Judge assigned to this matter.
The Court recognizes that Akula's task in preparing for this trial is substantial.
However, the Court is also cognizant that Akula chose to undertake that task when

---

[16] R. Doc. No. 117, at 1–3.
[17] *Id.* at 3.
[18] The Court has addressed these issues during two in-person status conferences, as
well as in connection with previously filed motions. *See* R. Doc. No. 161, at  2–3.
[19] R. Doc. No. 177, at 9.

he decided to proceed *pro se*, although standby counsel is ready to assist if asked by Akula to do so.

Akula also argues in this motion that the witness statements referenced above are "bread and butter discovery" and "not Jencks Act material."[20] The Jencks Act provides the following definition:

(e) The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means--

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or

(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e). Akula does not explain why he believes the witness statements he seeks are not the kind of witness statements contemplated by the Jencks Act, and the Court can find nothing in the text of the statute to support his view. Akula argues that "this health care fraud [case has] no resemblance to any national security matter or any remotely potential harm to any witness"[21] but the Jencks Act makes no mention of national security concerns or harm to witnesses.[22]

---

[20] *Id.* at 7.

[21] *Id.* at 3.

[22] The Supreme Court has noted that the Jencks Act was enacted in part with the goal "of preventing defendants from rummaging through confidential information containing matters of public interest, safety, welfare, and national security." *Goldberg v. United States*, 425 U.S. 94, 105 (1976) (cleaned up) (quotation and citation omitted). Nothing about this statement, however, limits application of the Jencks Act

None of Akula's remaining allegations provide a basis for "vacating" or continuing the trial date.[23]

### c.  Motion for Issuance of Subpoenas

In this motion, Akula requests that the Court order that subpoenas *duces tecum* be issued to the following entities: Verizon Wireless, AT&T Wireless, and Sprint/Nextel.[24] His proposed subpoenas would require production of "all cell phone communications and text messages between former Canon Hospice Employee[ ] Elizabeth Seymour . . . and [AUSA McHugh] and Special Agent Krista Bradford[ ] for the period of 2016 through 2022."[25] Akula asserts that these records are necessary so that he can establish that the above-referenced individuals "engaged in a scheme of [e]ntrapment against Dr. Akula."[26]

Federal Rule of Criminal Procedure 17(c) provides, in relevant part, that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). A party seeking issuance of subpoenas under Rule 17 must show that "(1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate

---

to national security or witness safety concerns. Moreover, the government has expressed that it is hesitant to release Jencks Act materials earlier than the deadline in the scheduling order because Akula has already sued a witness in this case. R. Doc. No. 192, at 9.

[23] Akula accuses his former counsel of mismanagement of his case. These allegations are irrelevant to the disposition of this motion. Akula also "incorporates by reference" 13 documents in the record, most of which are motions that Akula previously filed. *Id.* at 10. Akula does not explain the relevance of these documents to the instant motion.

[24] R. Doc. No. 183, at 1.

[25] *Id.* at 1–2.

[26] *Id.* at 2.

specificity." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

"Rule 17(c) was implemented to 'expedite the trial by providing a time and place before the trial for the inspection of the subpoenaed materials.'" *United States v. Richardson*, No. 13-86, 2014 WL 6475344, at *1 (E.D. La. Nov. 18, 2014) (Vance, J.) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). The rule "was not intended to provide an additional means of discovery.'" *United States v. Jindal*, No. 20-358, 2022 WL 997174, at *1 (E.D. Tex. Apr. 1, 2022) (quoting *Bowman Dairy Co.*, 341 U.S. at 220). Rule 17(c) subpoenas may not be used as "fishing expedition[s] to see what may turn up." *Id.* at *1 (quotations and citation omitted).

Akula's motion fails to meet these standards. First, his request lacks specificity. It requests "all cell phone communications and text messages" between the above-referenced individuals for a period of six years. He states that he has requested these materials for three cell phone carriers "because it is unknown to [him] which wireless service Elizabeth Seymour carried during [the] relevant time period[.]"[27] Additionally, his contentions that these materials will reveal evidence of a scheme of entrapment are wholly speculative. Such speculative contentions fail to meet the *Nixon* standard, as the "specificity and relevance elements require more than the title of a document and conjecture as to its contents." *Arditti*, 955 F.2d at 345. Courts have quashed 17(c) subpoenas making similar requests. *United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013) (affirming district court's quashal of

---

[27] *Id.* at 2.

defendant's 17(c) subpoenas where defendant "speculate[d] that the agreements might show that law enforcement officials asked AOL regularly to conduct certain scans" but did "not identify a specific agreement that supposedly reveals such requests" and "offer[ed] only conjecture about what such a document might contain"); *United States v. Turner*, No. 19-26, 2021 WL 2806219, at *2 (W.D. Ky. July 6, 2021) ("[Defendant] admits he does not know the contents of the communications between Ingredion and the various authorities, so he can offer mere conjecture about what those communications contain.").

Moreover, Akula's motion makes clear that he plans to use the requested subpoenas as a discovery device. He states that the materials "are material and necessary" to present his defense of entrapment"[28] and that "[t]his discovery is also especially necessary in light of the fact that the government has thus far refused to disclose government witness statements."[29] *See United States v. Richardson*, 607 F.3d 357, 368 (4th Cir. 2010) ("[T]he phrasing of Richardson's argument—that 'he should be allowed to discover the facts' supporting his theory that AOL and the Government were in a partnership—betrays his intention to misuse the subpoena duces tecum as a discovery mechanism to develop his agency claim.").

For all the above reasons, the Court concludes that Akula's motion for issuance of Rule 17(c) subpoenas must be denied.[30]

---

[28] *Id.* at 2.

[29] *Id.* at 3.

[30] To the extent any of these alleged phone communications and text messages exist and fall under the government's *Brady* or Jencks Act disclosure obligations, the government shall produce them in accordance with the applicable deadlines.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss the indictment,[31] the motion to

vacate the trial date,[32] and the motion for issuance of Rule 17(c) subpoenas[33] are

**DENIED**.

New Orleans, Louisiana, May 1, 2023.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. No. 173.
[32] R. Doc. No. 177.
[33] R. Doc. No. 183.