UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO:   21-98 |
| SHIVA AKULA | SECTION: "I" (4) |

REPORT AND RECOMMENDATION

Before the Court is a **Motion to Modify Protective Order (R. Doc. 160)** filed by the Defendant, Shiva Akula ("Akula"). In the instant motion, Akula seeks leave of Court to modify the parties' protective order through various removals and additions. The motion is opposed. R. Doc. 180. This matter was referred to the undersigned under 28 U.S.C. § 636 (b)(1)(B) and (C).

I.   **Background**

In August of 2021, a federal grand jury charged Akula in a 23-count indictment with health care fraud. R. Doc. 1. According to the indictment, Akula submitted false and fraudulent claims to Medicare, including improperly billing for general inpatient services to maximize his reimbursement, despite knowing those services were not medically necessary. See R. Doc. 1, p. 8. The indictment alleges that Akula submitted fraudulent claims related to six (6) patients and that the dates of the purported services were between January 2017 and August 2017. See R. Doc. 1, pp. 9-10. Akula has filed the instant motion on March 21, 2023, and seeks leave of Court to modify the protective order at paragraphs 3, 4, and 6, and to add an additional paragraph. R. Doc. 160. The government filed an opposition to Akula's instant motion on March 29, 2023. R. Doc. 180.

II.   **Standard of Review**

The rule governing discovery in criminal cases, Rule 16 of the Federal Rules of Criminal Procedure, provides in part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, *if the item is within the government's possession, custody, or control* and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E)(emphasis added). The explicit language of the rule requires that the requested information be in the possession, custody or control of the Government. Rule 16 does not require the Government to provide a defendant with information that it does not possess. *See United States v. Amaya-Manzanares*, 377 F.3d 39, (1st Cir. 2004) (holding that Rule 16 "by its terms is directed to materials that the government actually possesses" and does not apply to documents until they are created) (citing *United States v. Kahl*, 583 F.2d 1351, 1354 (5th Cir. 1978).

In determining when a modification of an existing discovery protocol between the parties is appropriate, courts tend to determine if there is good cause for the modification or if existing protocol presents an undue burden on a party. *See Gen-Probe Inc. v. Becton, Dickinson, & Co.*, 2011 U.S. Dist. LEXIS 160021, 2011 WL 13100706, at *3-4 (S.D. Cal. Aug. 25, 2011). However, there is not a wealth of cases addressing the modification of discovery protocols entered into between the parties; nor has there been a standard approach to their modification.

Instead, the Court finds instructive the approach adopted in the evaluation of modifications of protective orders entered into between parties. *See Peoples v. Aldine Indep. Sch. Dist.*, 2008 U.S. Dist. LEXIS 47946, 2008 WL 2571900 at *2-3 (S.D. Tex. June 19, 2008). "In determining whether to modify a protective order, courts consider four factors: '1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3)

the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification.'" *Id.* (quoting *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006)).

As to the nature of the order, if it was stipulated to by the Parties, this will weigh against its modification, particularly if the order has a greater level of specificity. 2008 U.S. Dist. LEXIS 47946, [WL] at *2. Additionally, in looking at foreseeability, "a party's oversight in not negotiating a provision in a protective order considering a matter which should have been reasonably foreseeable at the time of the agreement has been held not to constitute good cause for relief from the protective order." *Murata*, 234 F.R.D. at 180 (quoting *Jochims v. Isuzu Motors Ltd.*, 145 F.R.D. 499, 502 (S.D.Iowa 1992)). Finally, good cause requires "changed circumstances or new situations," and the Court must balance the needs of the parties against each other. *Id.*

### III. Analysis

Akula has filed the instant motion on March 21, 2023, and seeks leave of Court to modify the protective order at paragraphs 3, 4, and 6, and to add an additional paragraph. R. Doc. 160. The protective order that Akula seeks to modify was filed into the record on March 23, 2022. *See* R. Doc. 92. In presenting the proposed modifications for removal, Akula "struck through" the portions he wishes to have removed from the current protective order.

#### A. *Akula's Paragraph 3 and 4 Proposed Modifications*

First, in paragraph 3's proposed modification, Akula seeks to remove the language "counsel for defendant" and "or this matter has been otherwise resolved," presumably to reflect his current pro se status. R. Doc. 160, p. 2. The government has indicated in its opposition that it as no objection to modifications in order to reflect Akula's pro se status for clarity's sake. R. Doc. 180, p. 1. However, the government argues that it is not necessary to do so. *Id*. The government

3

argues that any reference to "counsel for the defendant" or "attorney of record" in the protective order now includes pro se Defendant Akula, representing himself, effectively as his own counsel and attorney of record. *Id*.

Second, in paragraph 4's proposed modification, Akula seeks to remove the reference to "Attachment A" of the protective order, which identifies those authorized to view Protected materials. R. Doc. 160, p. 2. It appears that these authorized individuals in "Attachment A" include counsel for Akula, and Akula himself. The Court notes that it is unclear to the Court what individuals Akula seeks to have access to view Protected Materials based on his proposed modifications.

The government opposes Akula's proposed paragraph 4 modification. R. Doc. 180, p. 2. The government argues that if Akula wishes to include an additional party, he should seek leave from the Court to identify specific individuals, and specific records he would like to disclose. *Id*. Essentially, the government argues that Akula should not be allowed to blanketly amend the protective order. *Id*.

While the government poses no objections to Akula's proposed modifications of paragraph 3, the Court finds that Akula has failed to present the Court with an explanation or good cause as to why he wishes to make the proposed modifications to paragraph 3 and 4. *See Phinney v. Cont'l Tire the Ams.*, Civil Action No. 3:10-CV-1776-P (BK), 2011 U.S. Dist. LEXIS 171680, at *3 (N.D. Tex. Nov. 4, 2011) (finding that the burden is on the movant to show good cause to amend a protective order). Accordingly, since Akula has failed to present good cause for the proposed modifications to paragraph 3 and 4, the request to amend is denied.

### B. *Akula's Paragraph 6 Proposed Modification*

Third, in paragraph 6's proposed modification, Akula seeks to remove the provision limiting communication with members of the news media relating to the "ongoing case." R. Doc. 160, p. 2. He further seeks to include language that prohibits communication in relation to the discovery records pertaining to protected health care information of patients only. *Id*. Generally, Akula argues that there is no need for a protective order precluding discussion of this criminal case with any member of the public or news media. *Id*. at 3. Akula argues that it is overbroad and unnecessarily encumbering on his First Amendment rights. *Id*.

The government opposes paragraph 6's proposed modification because it believes it is prudent for the defendant to move for an exception to the protective order if a specific situation arises. R. Doc. 180, p. 2. Further, the government cites to LCrR53.10 noting that the Court has authority to limit "extrajudicial statements by participants in the trial, including lawyers, parties, witnesses, jurors, and court officials."

As pointed out by the court in *Foxman*, the United States Supreme Court has suggested that an order limiting extrajudicial commentary by trial participants is an appropriate alternative to restraint on the media. *See News-Journal Corp. v. Foxman*, 939 F.2d 1512 (11th Cir. 1991), (citing *Sheppard v. Maxwell*, 384 U.S. 333, 86 S. Ct. 1507, 1521, 16 L. Ed. 2d 600 (1966)). As such, rather than prohibit *all* communication with members from the news media in relation to the ongoing case or discovery records, the Court rejects Akula's proposed modification and limits the communication. The current protective order states the following:

> 6. All parties with access to discovery are prohibited from communicating with members of the news media in relation to the ongoing case or discovery records.

However, the Court's limitation of communication with members of the news media in relation to the ongoing case or discovery records should be as follows in light of LCrR53.10:

5

> Extrajudicial statements made to the news media by participants in the trial, including lawyers, parties, witnesses, jurors, and court officials, are prohibited to the extent they divulge prejudicial matter not of public record in the case.

### C.    *Akula's Additional Proposed Paragraph*

Lastly, Akula seeks to add an additional paragraph with additional language that all agents of the Department of Justice be prohibited from contacting any person who is assisting Akula. R. Doc. 160, p. 6. Akula argues that he cannot undertake reviewing thousands of pages of discovery on his own, without assistance. *Id*. Akula contends that he needs to employ a team of assistants who will help him "catalogue" the discovery and "assist in his defense." *Id*. However, he alleges that Kathryn McHugh ("McHugh") has intimidated and threatened to prosecute any person who agrees to interview the government's witnesses. *Id*. at 7. The government opposes Akula's additional proposed paragraph because it does not know who is assisting or is considered to be assisting Akula, but objects to any limitation on who it can contact. R. Doc. 180, p. 2.

The Court finds that Akula has failed to present good cause as to his additional proposed paragraph. While the Court empathizes with Akula that the task of reviewing discovery and preparing a defense is a task indeed, Akula has failed to clarify with specificity who is assisting him or is considered to be assisting him. The Court denies the request to add a paragraph limiting the government's contact of a blanket number of individuals that Akula contends may be "assisting" him. The Court notes that Akula does not cite to any case law supporting the proposition prohibiting the government from contacting unidentified witnesses or document reviewers. Therefore, since Akula has failed to present good cause for his additional proposed paragraph, the request to amend is denied.

### IV.    Conclusion

Accordingly,

**IT IS RECOMMENDED** that the Defendant's **Motion to Modify Protective Order (R. Doc. 160)** be **GRANTED in part** and **DENIED in part.**

The motion be **GRANTED** as to Akula's paragraph 6 proposed modification. The modification should be as follows:

> Extrajudicial statements made to the news media by participants in the trial, including lawyers, parties, witnesses, jurors, and court officials, are prohibited to the extent they divulge prejudicial matter not of public record in the case.

The motion be **DENIED** as to Akula's paragraph 3 and 4 proposed modification, and Akula's additional proposed paragraph modification.

**IT IS FURTHER RECOMMENDED** that the parties file an amended protective order with Court's approved modification as indicated above no later than **ten (10) days** from the issue of this Order.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 23rd day of May 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.