UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-98** |
| **SHIVA AKULA** | **SECTION I** |

## ORDER & REASONS

Before the Court are objections[1] filed by *pro se* defendant Shiva Akula ("Akula") regarding the U.S. Magistrate Judge's denial[2] of his motion[3] to compel discovery. The government opposes the objections.[4] For the reasons below, the Court overrules the objections.

### I. FACTUAL BACKGROUND

Akula is charged with 23 counts of health care fraud in violation of 18 U.S.C. § 1347.[5] These charges relate to Akula's administration of a hospice care business, Canon Hospice ("Canon"). Akula was previously represented by counsel, but is now proceeding *pro se*, although standby counsel has been appointed.[6]

Akula filed an "omnibus motion to compel discovery,"[7] which this Court referred to the U.S. magistrate judge assigned to this matter.[8] In that motion, Akula

---

[1] R. Doc. No. 197.
[2] R. Doc. No. 196.
[3] R. Doc. No. 130.
[4] R. Doc. No. 209.
[5] *See generally* R. Doc. No. 1.
[6] *See* R. Doc. Nos. 115, 120.
[7] R. Doc. No. 130.
[8] R. Doc. No. 134.

1

requested that the Court compel discovery of certain documents, including PowerPoint slides containing statements made by an unidentified physician during an interview, "documents supporting the statement [that] 'some doctors were not involved with, or aware of, CANON's billing for physician services," certain medical records, "documents supporting the statement that 'these H/P examinations were all completed by Akula's sister, who is not a licensed physician," "all witness statements," and an audio recording of a conversation involving a Canon employee.[9]

The magistrate judge denied the motion, finding that much of the material requested had already been produced to Akula, and that, pursuant to the Jencks Act, the government was not required to disclose witness statements at this point in the proceedings.[10] The magistrate judge noted that the government had made the above-referenced audio recording available for Akula to listen to at the FBI office, and that there was no authority to support the contention that the government was required to provide Akula with a copy of the recording.[11]

## II.   STANDARD OF LAW

Federal Rule of Criminal Procedure 59 provides that "[a] district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59(a).[12] Once the magistrate judge "enter[s] on

---

[9] R. Doc. No. 130.
[10] R. Doc. No. 196.
[11] *Id.* at 6.
[12] Akula's objection references Federal Rule of Civil Procedure 72, which does not apply in this criminal matter. R. Doc. No. 197. However, Criminal Rule 59(a) "is derived in part from Federal Rule of Civil Procedure 72" and the standards applied are similar. Fed. R. Crim. P. 59, Advisory Committee Notes, 2005 Adoption.

the record an oral or written order" regarding the referred matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy of a written order [.]" *Id.* "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . [and] [a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.")

The standard with which the district court reviews a magistrate judge's ruling on a non-dispositive matter is "highly deferential." *United States v. USPlabs, LLC*, No. 15-496, 2019 WL 499101, at *5 (N.D. Tex. Feb. 8, 2019). "An order is clearly erroneous if the court is left with the definite and firm conviction that a mistake has been committed." *United States v. Hamdan*, No. 19-60, 2020 WL 5073615, at *6 (E.D. La. Aug. 26, 2020) (Vitter, J.) (quotations and citations omitted). The magistrate judge's legal conclusions are reviewed de novo, and their factual findings are reviewed for clear error. *United States v. Satary*, No. 19-197, 2021 WL 2457147, at *2 (E.D. La. June 16, 2021) (Vitter, J.).

### III.   ANALYSIS

Akula filed his objection within the fourteen-day timeline set forth by Rule 59(a).[13] Akula makes several objections to the magistrate judge's ruling, which the Court addresses in turn.

---

[13] The magistrate judge's order was entered into the record on April 11, 2023, and Akula filed his objection on April 20, 2023.

3

### a. Certain Discovery Allegedly Not Produced

Akula first objects that the magistrate judge wrongfully concluded that certain categories of discovery—"physician interview statements," "documents supporting the statement that some physicians were not involved or aware of Canon's billing services," "medical records for an unidentified beneficiary," and "documents that support the statement that examinations were completed by Akula's sister who is not a licensed physician"—were provided to Akula on March 7, 2023.[14] The magistrate judge concluded that Akula's motion to compel production of these documents was moot because "Akula has stated that he received a thumb drive on March 7, 2023, that appears to contain this information."[15]

Akula asserts that these materials were not provided to him. The Court has repeatedly addressed Akula's contentions regarding discovery in this matter, through both in-person status conferences and written orders, and has been presented with no evidence that the government has failed to abide by its obligations with regard to discovery. In its briefing regarding Akula's objections, the government again represents that "Akula has the same discovery that was provided to his previous counsel."[16]

The Court notes that, in his briefing regarding the motion to compel, Akula stated that he had "not yet had the chance to go through" the discovery that he received on March 7, 2023.[17] Akula's conclusory assertion that certain documents

---

[14] R. Doc. No. 197, at 4.
[15] R. Doc. No. 196, at 6.
[16] R. Doc. No. 209, at 3.
[17] R. Doc. No. 170, at 2.

4

have not been produced therefore lacks credibility and provides no basis for undermining the Court's previous conclusion that he has received all the discovery to which he is entitled. Akula therefore has not shown that the magistrate judge's order was clearly erroneous or contrary to law. Fed. R. Crim. P. 59(a).

### b. Medical Records of Certain Patients

Akula next objects that the magistrate judge wrongly concluded that "relevant patient medical records as referenced in the indictment were disclosed" to him.[18] As with the materials referenced above, the magistrate judge determined that Akula's motion for disclosure of these materials was moot because the materials had already been provided.[19] As with the documents discussed above, Akula has not presented evidence to undermine the Court's previous conclusion that he has been provided with appropriate discovery. The Court again notes that Akula stated in his briefing with regard to the motion to compel that he had been provided with a thumb drive containing, among other things "patient medical records," but that he had not yet reviewed the entirety of the files contained on the thumb drive.[20] Accordingly, Akula has not shown that the magistrate judge's order was clearly erroneous or contrary to law. Fed. R. Crim. P. 59(a).

---

[18] R. Doc. No. 197, at 5. Akula also suggests that the government withheld the full names of certain patients referenced in the indictment. The government states that Akula requested the patients' full names on the same day he filed the instant objections, and that the government provided the same on the following day. R. Doc. No. 209, at 2 n.1.
[19] R. Doc. No. 196, at 6.
[20] R. Doc. No. 170, at 2.

### c. Witness Statements

Akula next argues that the magistrate judge wrongfully applied the Jencks Act in concluding that Akula's motion to compel production of witness statements should be denied.[21] Akula argues that the magistrate judge should have performed an *in camera* inspection of the witness statements to determine "whether these witnesses do in fact fall under [the] Jencks Act" and "whether these witness statements contain any impeaching or exculpatory evidence."[22]

The Court has already discussed and rejected Akula's argument that the Jencks Act does not apply to the witness statements he seeks and will not address that argument again.[23] Akula provides no authority for his assertion that the magistrate judge should have conducted an *in camera* inspection to determine whether the witness statements fall under the Jencks Act. The Fifth Circuit has held that, where a defendant contends that that certain statements do fall under the Jencks Act and should therefore be disclosed pursuant to that statute, the district court should conduct an *in camera* inspection of those materials only when "a timely request is made by the defense *and* some indication exists in the record that the [materials] meet the Jencks Act's definition of a statement." *United States v. Perez*,

---

[21] R. Doc. No. 197, at 6.
[22] *Id.* Akula also argues that the magistrate judge wrongfully concluded that this Court had denied Akula's motion regarding the Jencks Act, when it had in fact dismissed that argument without prejudice. This argument is now moot, however, as this Court has rejected Akula's Jencks Act argument on the merits. R. Doc. No. 207.
[23] R. Doc. No. 207, at 2–6 (discussing the Jencks Act's application to this matter). The Court will also not address Akula's argument that the government's invocation of the Jencks Act is "prosecutorial misconduct," as that issue has likewise previously been addressed. R. Doc. No. 237 (denying Akula's motion to disqualify one of the Assistant United States Attorneys prosecuting this matter).

223 F. App'x 336, 345–46 (5th Cir. 2007) (quotation and citation omitted) (emphasis in original). Akula, by contrast, contends that the witness statements are *not* Jencks Act material, but he does not explain his basis for so concluding. Because "no indication exists in the record" that the witness statements do not fall under the Jencks Act, an *in camera* inspection was not necessary, and the magistrate judge's decision to not conduct one was not clearly erroneous or contrary to law. *Id.*; Fed. R. Crim. P. 59(e).

Akula's contention that the magistrate judge should have inspected the witness statements to determine if they contain *Brady* material is likewise without merit. "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978). "[A] *Brady* violation becomes a concern for courts only *after* trial, when courts are able to determine whether a nondisclosure deprived a defendant of a fair trial." *United States v. Davis*, No. 01-282, 2003 WL 1825602, at *2 (E.D. La. Apr. 8, 2003) (Vance, J.); *see also id.* ("Nor does the Court perceive any requirement that *Brady* or *Giglio* material be produced in pretrial discovery."); *United States v. Fatty*, No. 17-161, 2018 WL 3708660, at *5 (E.D. La. Aug. 3, 2018) (Knowles, M.J.) ("[T]here is no requirement that *Brady* or *Giglio* material be produced in pre-trial discovery."). Additionally, "when alleged *Brady* material is contained in Jencks Act material, disclosure [of that material] is generally timely if the government complies with the Jencks Act." *United States v. Martino*, 648 F.2d 367, 384 (5th Cir. 1981) (quotation

7

and citation omitted). Accordingly, Akula has not shown that the magistrate judge's order was clearly erroneous or contrary to law. Fed. R. Crim. P. 59(a).[24]

### d. Audio Recording

Akula objects to the magistrate judge's conclusion that his motion to compel disclosure of an audio recording of a conversation between two Canon employees should be denied.[25] As to the recording, the magistrate judge stated that "the Government contends, and Akula does not dispute, that he listened to the recording in the FBI office on March 23, 2023" and that "[t]he Court is not aware of any case law that requires the Government to provide a copy of the recording for Akula to transcribe in lieu of making [it] available for Akula to listen to."[26] The magistrate judge also noted that, when Akula listened to the recording, "he could have used the opportunity to take own salient notes for use in the development of his defense" and that "[h]is [apparent] failure to do so . . . does not create a reason to require production for transcription."[27]

---

[24] Akula argues that "the reason [the government] is not disclosing these witness statements is because [it] speculates that Dr. Akula will sue these individuals" and that "[t]his is not a permissible basis for denying a defendant discovery." R. Doc. No. 197, at 7. The Court agrees that such a concern is not a basis for denying discovery, but this does not change the fact that, pursuant to the Jencks Act, the government is not required to produce witness statements at this stage of the proceedings.

[25] *Id.* at 9. Akula argues that the magistrate judge erroneously stated that the audio recording was of a conversation between "Sue May" and Akula, when it was in fact a recording between "Sue May and Kelly Anderson." The magistrate judge did incorrectly refer to "an audio recording between a material witness 'Sue May' and Akula." R. Doc. No. 196, at 4. This error does not alter the above analysis.

[26] R. Doc. No. 196, at 6.

[27] *Id.*

8

Akula objects that "[t]here was no evidence that [he] did not take notes while listening to the audio recording" and that the magistrate judge "made this up to justify her denial of discovery."[28] He further objects that the government's reason for not providing Akula with a copy of the recording was based on the Jencks Act. For the reasons discussed above and in previous orders, the Jencks Act argument is unavailing. Moreover, Akula points to no law that supports the contention that the government is required to produce this recording to Akula in the first place.[29] Accordingly, Akula has not shown that the magistrate judge's order was clearly erroneous or contrary to law. Fed. R. Crim. P. 59(a).

### e. Alleged Structural Error

Because Akula has failed to identify errors in the magistrate judge's order that warrant reversal of her decision, Akula's contention that the discovery order "creates structural error that would mandate reversal in the event of a conviction" necessarily fails.[30] "Structural error is constitutional error that affects the framework within which the trial proceeds, rather than being simply an error in the trial process itself." *United States v. Jones*, 935 F.3d 266, 270 (5th Cir. 2019). As discussed throughout this opinion, Akula has pointed to nothing in the magistrate judge's order that is clearly erroneous and contrary to law. The record indicates that the government has complied with applicable discovery principles. Akula's dissatisfaction with these principles does not transform them into structural error.

---

[28] R. Doc. No. 197, at 9.
[29] Of course, to the extent that the recording contains *Brady* material, it must be disclosed in accordance with the deadline set by the Court.
[30] R. Doc. No. 197, at 11.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Akula's objections are **OVERRULED** and the magistrate judge's order is **AFFIRMED**.

New Orleans, Louisiana, May 30, 2023.

                                      **LANCE M. AFRICK**
                            **UNITED STATES DISTRICT JUDGE**