UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-98** |
| **SHIVA AKULA** | **SECTION I** |

### ORDER & REASONS

Before the Court is a "motion for oral examination of witnesses"[1] filed by *pro se* defendant Shiva Akula ("Akula"). The government opposes the motion.[2] For the reasons below, the Court denies the motion.

### I. FACTUAL BACKGROUND

Akula is charged with 23 counts of health care fraud in violation of 18 U.S.C. § 1347.[3] These charges relate to Akula's administration of a hospice care business, Canon Hospice ("Canon"). Akula was previously represented by counsel, but is now proceeding *pro se*, although standby counsel has been appointed.[4]

### II. LAW & ANALYSIS

In the instant motion, Akula requests that the Court "allow him to take depositions of certain witnesses whom he believes [ ] the government has relied on in bringing [the] indictment."[5] Throughout this matter, Akula has expressed frustration with the timing of the disclosure of government witness statements. As

---

[1] R. Doc. No. 205.
[2] R. Doc. No. 220.
[3] *See generally* R. Doc. No. 1.
[4] *See* R. Doc. Nos. 115, 120.
[5] R. Doc. No. 205, at 2.

1

the Court has previously explained, the disclosure of such statements is governed by the Jencks Act.[6] The Court's scheduling order in this matter provides that Jencks Act material will be disclosed no later than July 5, 2023, five days before trial.[7] The Court has denied Akula's previous requests that witness statements be disclosed before that deadline.[8]

"[A]s a general rule, witnesses to [an alleged] crime are the property of neither the prosecution nor the defense." *United States v. Girod*, 646 F.3d 304, 311 (5th Cir. 2011) (cleaned up) (quotation and citations omitted). "The government [may] not use its prosecutorial power to intimidate potential witnesses into refusing to consult with" the defendant. *United States v. Skilling*, 554 F.3d 529, 571 (5th Cir. 2009), *vacated in part on other grounds*, 561 U.S. 358 (2010). However, "no right of a defendant is violated when a potential witness freely chooses not to talk to defense counsel." *Girod*, 646 F.3d at 311 (cleaned up) (quotation and citation omitted).

The Fifth Circuit has recognized that, "in certain limited instances[,] the district court in a criminal case may order discovery not provided for by statute or the Federal Rules of Criminal Procedure."[9] *In re U.S.*, 878 F.2d 153, 157 (5th Cir. 1989).

---

[6] R. Doc. No. 207.
[7] R. Doc. No. 206, at 2.
[8] Because the Court has already addressed Akula's arguments regarding the application of the Jencks Act in this matter, it will not do so again here. Additionally, the Court notes that it recently affirmed the magistrate judge's order that denied Akula's motion to compel certain discovery, including witness statements. R. Doc. No. 240. The Court also addressed Akula's contentions regarding *Brady* in that order and reasons and therefore will not do so again here.
[9] Akula does not invoke Federal Rule of Criminal Procedure 15, which provides that the court may order the deposition of a witness in "exceptional circumstances and in the interest of justice." Even if he did invoke that rule, his motion would fail. The

The Tenth Circuit has held that, where "the government had wrongfully interfered with the witnesses' freedom to talk with defense counsel," the district court could order depositions of government witnesses. *Id.* (citing *United States v. Carrigan*, 804 F.2d 599, 604 (10th Cir. 1986). However, Akula does not allege,[10] much less provide evidence to support, that the government has interfered with potential witness' freedom to speak with Akula.

Akula names several individuals whose testimony he believes the government will rely on.[11] Akula is free to attempt to speak with those individuals, but they are equally free to refuse him. *Girod*, 646 F.3d at 311. Akula provides no authority that supports his request, and his motion will therefore be denied.

### III.   CONCLUSION

For the foregoing reasons,

---

Advisory Committee notes to Rule 15 state that "[t]he court may grant the motion [to take depositions] if it appears that (a) the prospective witness will be unable to attend or be prevented from attending the trial, (b) the prospective witness' testimony is material, and (c) the prospective witness' testimony is necessary to prevent a failure of justice." Fed. R. Crim. P. 15, Advisory Committee Note, 1975 Enactment. Akula has not made any of these showings.

[10] Akula's allegation that the government is "concealing witnesses" by not disclosing witness statements at this stage in the proceedings is unavailing because the government is not required to disclose such statements until the deadline set forth in the Court's scheduling order. As for Akula's allegation that one of the prosecutors interfered with a state investigation into an alleged payroll fraud scheme at Canon, that allegation lacks supporting evidence and, even if credited, does not suggest that the government has interfered with any witness's freedom to speak with Akula.

[11] The government requests that Akula be required to re-file the instant motion with the names of the witnesses redacted. The Court will not order Akula to do so because it does not find that such redaction is necessary to protect substantial privacy interests. *United States v. Simpson*, No. 09-249, 2010 WL 3633611, at *2 (N.D. Tex. Sept. 20, 2010) ("The court can order the redaction of [the names of unindicted third parties] if it finds that substantial privacy interests would be violated by disclosure and that the redactions are narrowly tailored to protect the identities of the parties.").

**IT IS ORDERED** that Akula's motion[12] is **DENIED**.

New Orleans, Louisiana, June 12, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. No. 205.