UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-98** |
| **SHIVA AKULA** | **SECTION I** |

## ORDER & REASONS

Before the Court is *pro se* defendant Shiva Akula's ("Akula") motion to dismiss the indictment "based on government misconduct and selective prosecution."[1] The government opposes the motion.[2] For the reasons below, the Court denies the motion.

### I. FACTUAL BACKGROUND

Akula is charged with 23 counts of health care fraud in violation of 18 U.S.C. § 1347.[3] These charges relate to Akula's administration of a hospice care business, Canon Hospice ("Canon"). Akula was previously represented by counsel, but is now proceeding *pro se*, although standby counsel has been appointed.[4]

### II. LAW & ANALYSIS

In the instant motion, Akula argues that the indictment should be dismissed for two reasons[5]: (1) the government, specifically Assistant United States Attorney Kathryn McHugh ("McHugh"), has allegedly engaged in misconduct at various times

---

[1] R. Doc. No. 223.
[2] R. Doc. No. 224.
[3] *See generally* R. Doc. No. 1.
[4] *See* R. Doc. Nos. 115, 120.
[5] Akula previously filed a separate motion to dismiss the indictment based on alleged improprieties in the grand jury proceedings that led to his indictment. The Court denied that motion. R. Doc. No. 178.

1

during this prosecution, and (2) the government has allegedly selectively prosecuted Akula because he is of Indian descent.

### a. Alleged Government Misconduct

As the Court has previously summarized,[6] "[t]he due process clause protects defendants against outrageous conduct by law enforcement agents[.]" *United States v. Rodriguez*, 603 F. App'x 306, 312 (5th Cir. 2015) (quotation and citation omitted). "Outrageous conduct" by the government can warrant dismissal of an otherwise sufficient indictment. *See United States v. Sandlin*, 59 F.3d 749, 758 (5th Cir. 2009). "The standard for proving outrageous governmental conduct is extremely demanding." *Id.* "Government misconduct does not mandate dismissal of an indictment unless it is so outrageous that it violates the principle of fundamental fairness under the due process clause of the Fifth Amendment." *United States v. Mauskar*, 557 F.3d 219, 231–32 (5th Cir. 2009) (quotations and citations omitted).

Akula's arguments as to government misconduct largely replicate the arguments he made in connection with his motions to disqualify McHugh from prosecuting this matter.[7] The Court recently issued an order and reasons denying those motions, wherein it addressed the following allegations, which are repeated in the instant motion: that McHugh lied during grand jury proceedings related to witness tampering,[8] that McHugh lied during Akula's initial detention hearing and during a subsequent hearing on a motion to modify his release conditions,[9] that

---

[6] R. Doc. No. 207, at 2–3.
[7] R. Doc. Nos. 164, 167.
[8] R. Doc. No. 237, at 10–11.
[9] *Id.* at 14–16.

2

McHugh lied and acted unethically during proceedings related to the protective order in this matter,[10] and that McHugh has improperly invoked the Jencks Act in this matter.[11] The Court has already found that these allegations are factually unsupported or otherwise without merit. Akula does not provide any additional evidence in connection with the instant motion,[12] and his allegations therefore do not provide a basis for dismissing the indictment.

In the instant motion, Akula also alleges that McHugh interfered with a state criminal investigation into the conduct of certain witnesses in this matter who are former employees of Akula's hospice care business.[13] Akula alleges that McHugh "shut down" the state investigation into alleged payroll fraud at Akula's business "in order to keep her opportunistic criminal government witnesses free of arrests."[14] The government states that it was not aware of the state investigation until Akula mentioned it in filings in this case.[15] Akula provides no evidence for the assertion that McHugh is in any way involved in the state investigation,[16] and the assertion appears to be pure speculation. Such unsupported speculation does not meet the

---

[10] *Id.* at 11–13.
[11] *Id.* at 9.
[12] Akula provides the transcript of the detention hearing, a flight schedule for Akula's relative, and an affidavit, all of which have been previously presented to the Court.
[13] R. Doc. No. 223, at 7.
[14] *Id.* at 8.
[15] R. Doc. No. 224, at 5.
[16] The only evidence Akula provides in connection with this allegation is an email from a Louisiana Bureau of Investigation Special Agent to Christina Black of Physicians Against Abuse discussing the investigation, R. Doc. No. 223-4, and several checks made out Akula, R. Doc. No. 223-5. Neither of these exhibits contain any information that supports his assertion that McHugh has interfered with any state investigation.

"extremely demanding" standard applied to motions to dismiss an indictment due to governmental misconduct. *Sandlin*, 59 F.3d at 758.

### b. Alleged Selective Prosecution

Akula alleges that he has been selectively prosecuted because he is of Indian descent. In support of this allegation, he argues that he "had no involvement and could not have [had] any involvement in the billing decisions because he was never the attending physician in charge of hospice patients that are [the] subject of the indictment."[17] He argues that "[a]ll of the health care treatment and billing were done primarily under the direction of two white male doctors" who have not been indicted.[18] He additionally references an audio record of two Canon employees wherein they allegedly called Akula a "little brown man," and argues that "the government has made it clear that it will be relying on [that] discriminatory evidence in order to secure a conviction."[19]

Pursuant to the equal protection component of the Fifth Amendment due process clause, "the [government's] decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quotation and citation omitted). In order to establish selective prosecution, the defendant must "show that federal prosecutorial policy had both a discriminatory effect *and* a discriminatory intent." *United States v. Hall*, 455 F.3d 508, 523 (5th Cir. 2006) (emphasis in original).

---

[17] R. Doc. No. 223, at 12.
[18] *Id.*
[19] *Id.* at 12–13.

Accordingly, a defendant must (1) "make a *prima facie* showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not" and (2) "demonstrate that the government's discriminatory selection of him for prosecution has been invidious or in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *United States v. Young*, 231 F. Supp. 3d 33, 98 (M.D. La. 2017) (quotations and citations omitted). A "similarly situated" individual is "one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant . . . and against whom the evidence was as strong or stronger than against the defendant." *United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000). If the defendant makes these showings, the burden then shifts to the government to establish a legitimate basis for selecting the defendant for prosecution. *Id.*

    Akula's allegations fail to make the necessary showings. Akula argues that the two white doctors who were allegedly responsible for medical billing are similarly situated individuals who were not prosecuted. Those doctors, however, were independent contractors for Akula's hospice care business,[20] whereas Akula owned the hospice care business. Moreover, Akula does not even argue that these individuals "commit[ed] the same acts" that he is alleged to have committed, *Young*, 231 F. Supp. 3d at 98, nor that there is evidence against them "as strong or stronger than [that] against" Akula. *Smith*, 231 F.3d at 810. Akula therefore has not shown that these

---

[20] R. Doc. No. 223-7, at 3.

5

doctors are "similarly situated," nor that they "commit[ted] the same acts" for which Akula has been indicted. *Young*, 231 F. Supp. 3d at 98.[21]

Moreover, even if Akula had identified similarly situated individuals whom the government has not prosecuted, he has presented no evidence that "demonstrate[s] that the government's discriminatory selection of him for prosecution . . . rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *Id.* Akula's reliance on a recording wherein Akula's employees allegedly referred to him as a "little brown man" is unavailing because the statements of Canon employees do nothing to elucidate the government's motive for prosecuting Akula.[22]

\* \* \*

"A defendant seeking to show that the government has engaged in an unconstitutional prosecution against him 'is not automatically entitled to an evidentiary hearing.'" *United States v. Perdigao*, No. 07–103, 2008 WL 2705454, at \*2 (E.D. La. July 9, 2008) (Fallon, J.) (quoting *United States v. Webster*, 162 F.3d 308, 334 (5th Cir. 1998)). "Rather, a defendant must first 'present facts sufficient to create a reasonable doubt about the constitutionality of [the] prosecution.'" *Id.* (quoting *Webster*, 162 F.3d at 334) (further citations omitted). Akula has presented no credible

---

[21] To the extent Akula intends to argue that the employees who allegedly made discriminatory comments against him are similarly situated, that argument fails because Akula has presented no evidence that those individuals were responsible for medical billing.

[22] Akula does not explain the basis for his assertion that the government has "made clear" that it will be relying on "such discriminatory evidence."

6

evidence in support of his motion, and therefore has failed to create any reasonable doubt about the constitutionality of his prosecution. His request for an evidentiary hearing in connection with the motion will therefore be denied.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Akula's motion to dismiss the indictment, and the associated request for an evidentiary hearing, is **DENIED**.

New Orleans, Louisiana, June 14, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**