## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                              **CRIMINAL ACTION**

**VERSUS**                                                                **No. 21-98**

**SHIVA AKULA**                                                      **SECTION I**

### ORDER & REASONS

Before the Court are the following filings: the government's motion *in limine*,[1]

defendant Shiva Akula's ("Akula") motion *in limine*,[2] and the government's objections

to Akula's proposed expert witnesses.[3] The government opposes Akula's motion *in

limine*.[4] Akula has not filed any oppositions or responses to the government's filings.[5]

For the reasons below, the Court grants the government's motion *in limine* in part

and defers it in part and denies Akula's motion *in limine* without prejudice in part

---

[1] R. Doc. No. 242.

[2] R. Doc. No. 246. All filings addressed in this opinion were made when Akula was proceeding *pro se*. However, the Court recently granted a motion to enroll defense counsel, and Akula is currently represented. R. Doc. No. 267.

[3] R. Doc. No. 249.

[4] R. Doc. No. 251.

[5] The scheduling order in this matter provides that any opposition to a motion *in limine* was due on June 12, 2023, and that any opposition to a motion to exclude an affirmative defense and any opposition to a motion to exclude an expert witness was due on June 16, 2023. R. Doc. No. 206. Akula did not file any oppositions in accordance with these deadlines. The Court also notes that the government recently filed a notice of intent to use evidence pursuant to Federal Rule of Evidence 404(b). R. Doc. No. 244. Akula has made no response to that filing, and the deadline to do so was June 12, 2023. R. Doc. No. 206.

and defers it in part. The Court further concludes that Akula's proposed expert witnesses should be excluded from testifying at trial.

## I.   FACTUAL BACKGROUND

Akula is charged with 23 counts of health care fraud in violation of 18 U.S.C. § 1347.[6] These charges relate to Akula's administration of a hospice care business, Canon Hospice ("Canon"). Akula was originally represented by counsel. He waived assistance of counsel and elected to proceed *pro se* on February 16, 2023, though standby counsel was appointed.[7] A motion to enroll counsel on Akula's behalf was filed on June 23, 2023, which this Court granted on June 26, 2023.[8]

## II.   LAW & ANALYSIS

### a.  Motions *in limine*

#### i. *Government's Motion*

In its motion *in limine*, the government requests that the Court exclude several categories of evidence, which the Court addresses in turn. As noted, Akula has not filed an opposition to the government's motion.

The government first argues that evidence and argument related to possible punishment or hardship Akula might face if convicted should be excluded.[9] "It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed" and

---

[6] *See generally* R. Doc. No. 1.
[7] *See* R. Doc. Nos. 115, 120.
[8] R. Doc. Nos. 264, 267.
[9] R. Doc. No. 242-1, at 2.

"[i]nformation regarding the consequences of a verdict is therefore irrelevant to the jury's task." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (footnote, quotation, and citation omitted). For this reason, courts exclude evidence regarding the personal consequences of a guilty verdict. *United States v. Crinel*, No. 15-61, 2016 WL 6441249, at *5–6 (E.D. La. Nov. 1, 2016) (Morgan, J.) (granting the government's motion "to exclude the Defendants from informing the jury of potential penalties they face or the hardships that their convictions may place upon their families or third parties"). Accordingly, the government's motion will be granted in this respect.

The government next argues that evidence and argument suggesting civil or administrative punishment might be more appropriate than criminal prosecution should be excluded.[10] As the government argues, such evidence invites jury nullification. *United States v. Chen*, No. 17-603, 2021 WL 2662116, at *5 (N.D. Cal. June 29, 2021) ("The Court finds that arguing that this should have been a civil matter is essentially arguing for nullification."); *United States v. Nicholson*, No. 18-23, 2019 WL 339449, at *1 (S.D. Miss. Jan. 28, 2019). Moreover, "the possibility of a civil, rather than criminal, action against Defendant is irrelevant to the charged offenses." *Nicholson*, 2019 WL 339449, at *1. Accordingly, the government's motion will be granted in this respect.

The government next argues that evidence and argument related to specific incidents of Akula's good deeds or law abidingness should be excluded.[11] Specifically,

---

[10] *Id.* at 3.
[11] *Id.* at 4.

3

the government requests that evidence that Akula "treated patients during the global COVID-19 pandemic and that he benefited the community through his organization, the Akula foundation" be excluded.[12] A "[d]efendant may only present evidence of specific instances of conduct when his 'character or character trait is an essential element of a charge, claim, or defense.'" *United States v. Kahn*, 768 F. App'x 266, 270 (5th Cir. 2019) (quoting Fed. R. Evid. 405(b)). The Fifth Circuit has affirmed the exclusion of a defendant's evidence of good character in health-care fraud cases because the defendant's character "was simply not an essential element of the charges against" the defendant. *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990); *Kahn*, 768 F. App'x at 270 (affirming such exclusion where the defendant was charged under, among other statutes, 18 U.S.C. § 1347) (citing *Marrero*, 904 F.2d at 259–60). Accordingly, the government's motion will be granted in this respect.

The government next argues that testimony regarding Akula's own hearsay statements to witnesses or third parties should be excluded.[13] Specifically, the government argues that Akula should be prohibited from attempting to elicit testimony regarding "his own self-serving statements made to law enforcement agents, government investigators, or other witnesses."[14] Federal Rule of Evidence 802 provides that "[h]earsay is not admissible unless" a federal statute, rule of evidence, or other rule prescribed by the Supreme Court "provides otherwise." "While the Rules provide exceptions to the general prohibition against hearsay, '[they] do not [ ]

---

[12] *Id.* at 6.
[13] *Id.*
[14] *Id.* at 8.

provide exceptions for self-serving, exculpatory statements made by a party which are being sought for admission by that same party.'" *Crinel*, 2016 WL 6641249, at *2 (quoting *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996)). Accordingly, the government's motion will be granted in this respect. However, should there be an evidentiary basis for admission of such statements, counsel may approach the bench and seek court approval for the same at trial.

The government next argues that Akula should be prohibited from introducing interview reports prepared by law enforcement agents for the purpose of impeaching government witnesses.[15] The government argues that "the interview reports are not the statements of the witness," but rather "statements of [the reports'] authors (the investigators)."[16] "[A] witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own." *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993); *accord Crinel*, 2016 WL 6641249, at *4 ("If it can be established that a Government witness did adopt a statement or it was recorded verbatim, the interview report may be used for impeachment during the cross-examination of the witness who made the statement. If not, the report itself may be offered only through the agent to prove that the statement was made to the agent, rather than to prove the truth of the matter asserted in the statement."). However,

---

[15] *Id.*

[16] *Id.*

because the Court has not been presented with arguments as to any specific witness statements, this portion of the government's motion will be deferred until trial.

The government next argues that evidence and argument suggesting selective prosecution should be excluded.[17] "Courts have consistently held that defenses based on selective prosecution or government misconduct are to be decided by the Court prior to trial and not by the jury." *United States v. Cleveland*, No. 96-207, 1997 WL 253124, at *2 (E.D. La. May 14, 1997) (Vance, J.) (citation omitted); *accord Crinel*, 2016 WL 6441249, at *14. The Court has previously rejected Akula's argument that the indictment in this matter should be dismissed due to alleged selective prosecution.[18] Moreover, "[t]he Fifth Circuit has held that a trial court has discretion to prohibit a defendant's attorney from comparing his client's conduct 'with that of uncharged or immunized witnesses,' because the purpose of such arguments is to encourage nullification and 'tempt jurors to violate their oaths.'" *United States v. Auzenne*, No. 19-52, 2020 WL 6438665, at *2 (S.D. Miss. Nov. 2, 2020) (quoting *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. 2001)). Accordingly, the government's motion will be granted in this respect.

The government next argues that any evidence or argument that Medicare or other entities that monitored Canon were negligent with regard to their monitoring or discovery of alleged fraud at Canon should be excluded.[19] "[A] victim's negligence is not a defense to criminal conduct." *United States v. Kreimer*, 609 F.2d 126, 132 (5th

---

[17] *Id.* at 9.
[18] R. Doc. No. 254.
[19] R. Doc. No. 242, at 11.

Cir. 1980); *accord Auzenne*, 2020 WL 6438665, at *3 ("Defendants may not offer evidence or argue that a health care benefit program was negligent in handling claims.") (citing *Kreimer*, 609 F.2d at 132). However, this portion of the government's motion will be deferred until trial in order to allow the parties to provide further context for this issue. Counsel should approach the bench prior to eliciting such evidence.

The government next argues that evidence concerning pretrial plea negotiations, including any materials shown by the government to Akula during negotiations, should be excluded.[20] Whether the government made any plea offers to Akula prior to trial is irrelevant to Akula's guilt or innocence, which is the issue the jury will be called upon to decide. *See* Fed. R. Crim. P. 401. Plea negotiations and related statements are simply not relevant to the jury's task, and such evidence will be excluded. *United States v. Pena*, 10-1903, 2022 WL 1102455, at *1 (D.N.M. Apr. 12, 2022). The government anticipates that Akula may try to introduce a PowerPoint presentation describing the government's evidence that the government showed to Akula and his prior counsel during plea negotiations. The government points to one district court case that excluded similar evidence. *United States v. Householder*, --- F. Supp. 3d ---, 2022 WL 17600159, at *6 (S.D. Ohio Dec. 13, 2022) (excluding a PowerPoint presentation and other statements made during a reverse proffer session, rejecting defendant's argument that the PowerPoint and statements made fell under

---

[20] *Id.* at 12.

the public records exception to the rule against hearsay, Fed. R. Evid. 803(8). The government's motion will therefore be granted in this respect.

The government next argues that Akula should be prohibited from raising complaints regarding the prosecutor and the Court, which he raised repeatedly in pretrial motions.[21] The Court has repeatedly rejected Akula's allegations regarding prosecutorial and judicial misconduct raised in his pretrial filings. Such allegations are simply not relevant to the jury's task and will therefore not be admitted at trial. Fed. R. Evid. 401; *United States v. Díaz-Colón*, --- F. Supp. 3d ---, 2023 WL 2196931, at *8 (D.P. R. Jan. 10, 2023) ("Allegations that the United States or its agents engaged in misconduct are irrelevant. Whether the United States participated in unethical behavior is a question of law for the Court, falling beyond the scope of trial."). Should Akula attempt to make such arguments, the Court will not hesitate to impose appropriate sanctions.

The government next argues that Akula should be precluded from introducing evidence that he suffered from "anxiety and possibly bipolar manifestations," as he has previously claimed, because "Akula has not satisfied the elements of an insanity defense."[22] Title 18, United States Code, section 17 provides that "[i]t is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness

---

[21] *Id.* at 14.
[22] *Id.* at 15 (citing R. Doc. No. 131).

of his acts." The Fifth Circuit has affirmed the exclusion of evidence related to a defendant's mental disorder when the defendant did not have admissible evidence to support an affirmative defense of insanity. *United States v. Eff*, 524 F.3d 712, 717–20 (5th Cir. 2008) (affirming exclusion of defendant's expert witnesses when their testimony only established that the defendant "may have had a diminished capacity to appreciate the nature and quality or wrongfulness of his actions, not that he was completely unable to appreciate such things").

Federal Rule of Criminal Procedure 12.2(a) requires that a defendant who intends to assert a defense of insanity must notify an attorney for the government prior to trial, and that "[a] defendant who fails to do so cannot rely on an insanity defense." Rule 12.2(b) further  requires that, "[i]f a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case," he must likewise "notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk." This rule requires the defendant to give notice if he intends to "introduce expert testimony of mental disease or defect on the theory that such mental condition is inconsistent with the mental state required for the offense charged."[23] Fed. R. Crim. P. 12.2 Advisory Comm. Notes. Rule 12.2(d) provides that, if the defendant does not comply with the notice

---

[23] Though 18 U.S.C. § 17 provides that "[m]ental disease or defect does not [ ] constitute a defense" unless it results in the defendant's inability "to appreciate the nature and quality or the wrongfulness of his acts," "psychiatric evidence is still admissible where it negates the *mens rea* of a specific intent crime." *United States v. Bates*, 960 F.3d 1278, 1288 (11th Cir. 2020) (citation omitted).

requirements, "[t]he court may exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt."

Akula did not list insanity in his notice of affirmative defenses,[24] and his expert witness disclosure (which is further addressed below) does not suggest that he has retained any experts to testify as to his mental condition.[25] Further, he has not provided notice that he plans to introduce evidence regarding a mental condition inconsistent with the mental state for the crimes charged. Accordingly, it appears that Akula has not satisfied the requirements necessary in order to assert an insanity defense or introduce evidence of a mental condition bearing on the issue of guilt. Further, the Court agrees with the government that evidence of alleged mental illnesses "has a great potential to improperly suggest that some form of the abolished diminished capacity defense is available to the defense or that the defendant would be entitled to sympathy and possibly acquittal" and that "[t]hese dangers substantially outweigh the probative value of" such testimony. *United States v. Eff*, 461 F. Supp. 2d 529, 536 (2006), *aff'd*, 524 F.3d 712 (5th Cir. 2008). Accordingly, the government's motion will be granted in this respect.

The government next argues that Akula should be prohibited from referencing various parallel proceedings, including a civil lawsuit filed against, among others, one of the prosecutors and Akula's previous attorney, his filings accusing the Court of

---

[24] R. Doc. No. 239.
[25] R. Doc. No. 245.

financial impropriety, a lawsuit that Akula filed in India against, among others, one of the prosecutors and the State of Louisiana, a state investigation into certain Canon employees for alleged payroll fraud, and a state lawsuit filed by Ochsner Clinic Foundation against Canon. The Court cannot discern why such parallel proceedings would be relevant to the jury's task in this matter. Fed. R. Evid. 401. Accordingly, without opposition, the government's motion will be granted in this respect.

The government next argues that Akula's proposed affirmative defenses should be excluded.[26] Akula filed a notice stating that he plans to assert the following as affirmative defenses: "deprivation of right not to be subject to an indictment consequent to an illegal conspiracy and 'pattern of racketeering,'" "deprivation of right to an impartial adjudicator and tribunal," and "deprivation of [the] right to not have Assistant U.S. Attorney, Kathryn McHugh[,] obstruct an independent state criminal investigation into persons who conspired to cause the indictment."[27] These are not, in fact, affirmative defenses. They are simply baseless rehashed versions of arguments that Akula has made in pretrial filings and that the Court has already concluded are irrelevant to the jury's task at trial. Moreover, Akula has not presented evidence to support such defenses, as he simply relies on his own filings in parallel proceedings in which he made the allegations.[28] Accordingly, the government's motion will be granted in this respect, and such affirmative defenses will be excluded.

---

[26] R. Doc. No. 242-1, at 18.
[27] R. Doc. No. 239.
[28] R. Doc. Nos. 239-1, 239-2, 239-3.

The government next argues that Akula should be precluded from raising the issue of advice of counsel.[29] "Strictly speaking, good faith reliance on advice of counsel is not really a defense to an allegation but is the basis for a jury instruction on whether or not the defendant possessed the requisite specific intent." *United States v. Hagen*, 542 F. Supp. 3d 515, 518 (N.D. Tex. 2021) (cleaned up) (quotations and citations omitted). "The elements of an advice-of-counsel defense are: (1) the advice was sought and received before taking the allegedly criminal action; (2) the defendant sought the advice of a professional in good faith; (3) with the purpose of determining whether the conduct was lawful; (4) the professional was apprised of all material facts which the defendant knew; and (5) the defendant acted strictly in accordance with the advice of the professional." *Id.* (cleaned up) (quotations and citations omitted). Courts have discretion to order pretrial notice of an advice-of-counsel defense, *id.*, but the Court did not explicitly do so in this case. Akula has not explicitly indicated that he would raise the issue of advice of counsel,[30]  and, as he has not opposed the instant motion, he has not identified any evidence to support its application. Accordingly, without opposition, the government's motion will be granted in this respect.

Finally, the government requests that this Court order that Akula is barred from inviting jury nullification in any way. The Fifth Circuit has "categorically reject[ed] the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to

---

[29] R. Doc. No. 242-1, at 19.
[30] *See* R. Doc. No. 239.

prevent." *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. 2001) (unpublished) (quotation and citation omitted). Accordingly, the government's motion will be granted in this respect.

### ii. Akula's Motion

Akula first requests that the government be precluded from offering testimony at trial by lay witnesses concerning the medical necessity of medical services.[31] He specifically "requests that the Court preclude the government from eliciting testimony from coders, billers, or FBI agents regarding 'medical necessity.'"[32] Federal Rule of Evidence 701 provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is[ ] rationally based on the witness's perception[,] helpful to clearly understanding the witness's testimony or to determining a fact in issue[,] and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 702, in turn, provides that "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" if the expert witness' "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," their "testimony is based on sufficient facts or data," their "testimony is the product of reliable principles and methods," and "the

---

[31] R. Doc. No. 246, at 3. The Court will not address Akula's various complaints regarding the government's execution of a search warrant and alleged lack of screening of documents for privileged communication and the fact that he has not been provided with government witness statements. The Court has already addressed these allegations and they are not relevant to the instant motion *in limine*.
[32] *Id.* at 5.

13

expert has reliably applied the principles and methods to the facts of the case." However, lay witness testimony may rely on "specialized knowledge . . . so long as the lay witness offers straightforward conclusions from observations informed by his or her experience." *United States v. Sanjar*, 876 F.3d 725, 738 (5th Cir. 2017) (citation omitted).

The government states that it has provided Akula with an expert disclosure for a witness who will testify regarding medical necessity, and indicates that it plans to elicit testimony from "Canon employees [ ] who interacted with Akula . . . about the term of art 'medical necessity' as they understood it when they worked at Canon."[33] The Court has been presented with no further information regarding these witnesses or their testimony, and therefore finds that it lacks sufficient information to make a ruling on Akula's motion at this time. Akula's motion will therefore be denied without prejudice in this respect; to the extent that Akula believes such testimony is inconsistent with the rules governing expert testimony, he may urge that objection at trial.

Akula next argues that the Court should exclude an audio recording of a conversation between "Sue May and Kelly Anderson" because the statements in the audio recording are hearsay.[34] Akula does not provide any information regarding what is said during this conversation, and the Court therefore can evaluate neither whether the statements are hearsay nor whether they fall under any exception to the

---

[33] R. Doc. No. 251, at 8.
[34] R. Doc. No. 246, at 5.

rule against hearsay. Accordingly, the Court denies Akula's motion without prejudice, reserving his right to re-urge the motion at trial, if appropriate.

Akula next argues that the government should be precluded from introducing evidence of any medical billing outside the dates referenced in the indictment.[35] Akula appears to argue that such evidence would violate Federal Rules of Evidence 401 (relevance), 402 (prejudice), and 404 (character evidence and other acts). However, Akula does not explain how such evidence would violate these rules, and provides no factual or legal context for his motion. The Court further finds that the request is "overbroad in scope and do[es] not take into consideration the nuances of potential evidentiary uses," and therefore will deny the motion in this respect without prejudice. *United States v. Diaz*, No. 21-179, 2023 WL 2810704, at *1 (E.D. La. Apr. 6, 2023) (Milazzo, J.) (quotation and citation omitted).

Akula next argues that the government should be precluded from introducing "hearsay statements regarding any prior administrative denials and complaints allegedly made concerning Canon Hospice."[36] The Court agrees that hearsay is inadmissible at trial, unless some exception applies. Fed. R. Evid. 802. Because Akula identifies no particular evidence in connection with his request, the Court cannot evaluate whether such evidence is hearsay or whether some exception applies. Accordingly, Akula's motion will be denied without prejudice in this respect.

---

[35] *Id.* at 6.
[36] *Id.* at 7.

Akula next argues that the government should be precluded from introducing testimony regarding the "rumor that 'Dr. Akula would go into a cubby hole' to discuss billing" because it is hearsay.[37] Akula argues that such evidence "is absurd, without foundation and generated by those who have [allegedly] been stealing hundreds of thousands of dollars through [an alleged] payroll fraud scheme."[38] Akula argues that such evidence is hearsay, and briefly references the Confrontation Clause of the U.S. Constitution. Again, since Akula has not identified any particular statements or evidence for the Court's consideration, Akula's motion will be denied without prejudice.

Akula next argues that "evidence of any adverse action taken by any health care program or facility against Dr. Akula arising out of the indictment," such as hospital admitting privileges, should be excluded.[39] He argues that such evidence would be unfairly prejudicial, confuse the issues, mislead the jury, or cause undue delay in violation of Federal Rule of Evidence 403. Again, because the Court has been provided with no factual or legal context for this request, Akula's motion will be deferred in this respect.

Akula next argues that certain testimony of the government's expert witnesses should be excluded.[40] He argues that "the testimony of any government experts should be strictly limited to whether they know, to a medical certainty, that the

---

[37] *Id.* at 8.

[38] *Id.*

[39] *Id.* at 9.

[40] *Id.* at 10.

16

services provided were not medically indicated or necessary to the health of a particular patient" and that "testimony relating to the cost or personal preference of a certain type of procedure is irrelevant and fails to meet the standard for admissible expert testimony."[41] Though the government states that it has disclosed its experts to Akula, Akula's motion does not reference any particular expert. He provides no legal support for his assertion that the government expert witnesses should be limited as he proposes. Again, the Court has not been given sufficient information to rule on the instant request, and it will be denied without prejudice.

Akula next argues that "opinion testimony regarding the meaning of regulatory or contractual terms" should be excluded.[42] Specifically, he argues that he "expects that the government may try to elicit testimony from representatives of some [of] the alleged victims . . . about what they 'would have done' had they been aware of alleged false diagnoses and other alleged medically unnecessary procedures."[43] He argues that such testimony would "require[ ] interpretation of the laws and contracts governing those claims" and would "require[ ] a working knowledge beyond that of the average lay person."[44] The Fifth Circuit has held that testimony by representatives of a health insurance company may testify, pursuant to Rule 701, as "to the procedures, policy terms, and fraud prevention protections at each insurance company," including "how the company would handle various situations, how it

---

[41] *Id.*

[42] *Id.*

[43] *Id.* 10–11.

[44] *Id.* at 11.

interpreted terms and policies, and how their policies compared to those of the industry." *United States v. Moparty*, 11 F.4th 280, 295 (5th Cir. 2021). Akula has pointed to no particular testimony that oversteps these bounds. The Court will therefore deny the motion without prejudice in this respect. The Court merely notes that both the government and defense will be required to comply with the rules governing lay and expert witness testimony at trial.

Akula next argues that "evidence of uncharged conduct" should be denied because it does not the standards of Rule 404(b).[45] Though the government filed a notice of intent to use certain evidence pursuant to that rule, Akula does not reference any particular evidence or explain how it does not meet the standards of the rule. Accordingly, the Court will deny Akula's motion without prejudice, reserving his right to re-urge the motion at trial, if appropriate.

Akula next argues that any reference to the execution of a search warrant should be excluded "because it leads the jury to believe a foregone conclusion that the government had overwhelming evidence."[46] Akula provides no authority in support of this request, nor does he explain how it would be unduly prejudicial. Because this request is overbroad, the Court will deny it without prejudice.

### b.  Objections to Akula's Expert Witnesses

Pursuant to the Court's scheduling order, Akula filed an expert witness disclosure indicating that he would call the following to testify at trial: Dee A. Soule, BBA MHA, to testify about medical billing, procedures, and compliance; Neal

---

[45] *Id.* at 11.
[46] *Id.* at 12.

Freeman, MD, to testify regarding "the propriety of the internal billing structure at Canon Hospice"; Todd Broad, MD, to testify regarding the propriety of the diagnosis for in-patient care services; Rebecca Wester, MD, to testify "about the propriety of the certifications that [were] issued out of Canon Hospice; Richard K. Baer, MD, who "provides consultative services in medical policy, compliance, audit, Medicare rules and regulations, billing, [and] documentation"; Andrew Garrett and Randy Crawford, to testify "regarding the forensic duplication of hard drives found within the Canon practices."[47] The government objects that Akula's disclosure does not comply with Federal Rule of Criminal Procedure 16. Akula filed no response to the government's objections.

    This Court's scheduling order required that Akula "designate the type of experts he intends to utilize at trial and satisfy the requirements of [Federal] Rule [of Criminal Procedure] 16(b)(1)(C) by June 5, 2023." That rule provides that the defendant's "disclosure for each expert witness must contain[ ] a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief[,] the bases and reasons for them[,] the witness's qualifications, including a list of all publications authored in the previous 10 years[,]and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition. Fed. R. Crim. P. 16(b)(1)(C)(iii). It further provides that "[t]he witness must approve and sign the disclosure, unless the defendant[ ] states in the disclosure why the defendant could not obtain the witness's signature through

---

[47] R. Doc. No. 245.

reasonable efforts[,] or has previously provided . . . a report, signed by the witness, that contains all the opinions and the bases and reasons for them. *Id.* 16(b)(1)(C)(v).

Though Akula's notice was filed by the applicable deadline, it satisfies none of the requirements imposed by Rule 16(b)(1)(C). Because the notice contains no information about the opinions the experts are to provide, the government has not, and could not, challenge the appropriateness of their testimony pursuant to Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

"The district court has wide discretion when determining what sanctions, if any, to impose for a Rule 16 violation." *United States v. Chesser*, 795 F. App'x 242, 245 (citation omitted). "In exercising this discretion, the district court should consider factors such as the reasons why disclosure was not made, the prejudice to the opposing party, the feasibility of rectifying that prejudice by granting a continuance, and other relevant circumstances." *United States v. Johnson*, 2021 WL 2949489, at *2 (E.D. La. July 14, 2021) (quotation and citation omitted). As Akula has not responded to the government's filing, the Court has no information as to why appropriate disclosures were not made, whether Akula possesses the required information, or when such information, if possessed, could be shared with the government. Akula's failure to provide appropriate disclosures prejudices the government because, as noted, it deprives the government of the opportunity to file pretrial motions challenging their testimony, as well as the opportunity to share Akula's expert reports with its own expert witnesses. Accordingly, Akula will not be permitted to offer his proposed expert witnesses at the presently scheduled trial .

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the government's motion *in limine* is **GRANTED IN PART** and **DEFERRED IN PART**, as set forth above.

**IT IS FURTHER ORDERED** that Akula's motion *in limine* is **DENIED WITHOUT PREJUDICE IN PART** and **DEFERRED IN PART**, as set forth above.

**IT IS FURTHER ORDERED** that Akula's proposed expert witnesses shall not be permitted to testify at the presently scheduled trial.

New Orleans, Louisiana, June 28, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**