UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA     CRIMINAL ACTION

VERSUS     No. 21-98

SHIVA AKULA     SECTION I

## ORDER & REASONS

Before the Court is the government's motion[1] to preclude defendant Shiva Akula ("Akula") from raising the advice of counsel defense during his upcoming trial. Akula opposes the motion.[2] The government has filed a reply.[3] For the reasons that follow, the Court defers ruling on the government's motion until trial.

### I. BACKGROUND

Akula is charged with 23 counts of health care fraud in violation of 18 U.S.C. § 1347.[4] From February 2023 to June 2023, Akula represented himself in connection with these proceedings.[5] On June 23, 2023, Akula filed a motion to enroll counsel.[6] The Court granted that motion and, after briefing, granted Akula's motion to continue the trial, which was previously set to begin on July 10, 2023.[7] The trial is now set to begin on October 30, 2023.[8]

---

[1] R. Doc. No. 305.
[2] R. Doc. No. 311.
[3] R. Doc. No. 316.
[4] *See generally* R. Doc. No. 1.
[5] *See* R. Doc. Nos. 120, 273.
[6] R. Doc. No. 264.
[7] R. Doc. No. 292.
[8] R. Doc. No. 293.

1

The government previously moved to preclude Akula from raising the advice-of-counsel defense.[9] The Court originally granted the government's motion with respect to excluding that defense because Akula had neither explicitly indicated that he would raise it, nor opposed the government's motion.[10] Following supplemental briefing from Akula after his present counsel enrolled,[11] the Court amended its order to defer ruling on that question, finding that it had "inadequate information to make a ruling on the issue at this time."[12] The Court also ordered Akula "to provide notice of any planned advice-of-counsel defense by August 18, 2023."[13]

Akula timely informed the government that he intended to raise the advice-of-counsel defense by presenting evidence concerning advice he received from two attorneys, Jason Cabell ("Cabell") and Lester Johnson ("Johnson") of the law firm of Liles Parker LCC.[14] Akula also informed the government that he waived his attorney-client privilege with respect to communications and work product from Cabell and Johnson "to the extent required for a thorough presentation of his defense."[15]

The government now moves to exclude the advice-of-counsel defense on the ground that, based on the defense's exhibits, "Akula cannot demonstrate that he relied on his attorneys' advice."[16] Akula responds that the government's motion is

---

[9] R. Doc. No. 242-1, at 19–20.
[10] R. Doc. No. 271, at 12.
[11] R. Doc. No. 295.
[12] R. Doc. No. 300, at 6–7.
[13] *Id.* at 16.
[14] *See* R. Doc. No. 305-1 (email from counsel for Akula to counsel for the government).
[15] *Id.* at 1–2.
[16] R. Doc. No. 305, at 3.

premature, as "[t]his Court has no way of knowing whether Dr. Akula will be entitled to an advice of counsel instruction until the end of trial."[17]

## II.    LAW & ANALYSIS

The government's central argument is that Akula's proposed trial exhibits involving Cabell and Johnson "do not address the conduct underlying the charges in the indictment, and they do not establish that Akula relied on anyone's advice, let alone his attorneys', when he submitted the false and fraudulent Medicare billing in this case."[18] "Strictly speaking, good faith reliance on advice of counsel is not really a defense to an allegation but is the basis for a jury instruction on whether or not the defendant possessed the requisite specific intent." *United States v. Hagen*, 542 F. Supp. 3d 515, 518 (N.D. Tex. 2021) (cleaned up). "The elements of an advice-of-counsel defense are: (1) the advice was sought and received before taking the allegedly criminal action; (2) the defendant sought the advice of a professional in good faith; (3) with the purpose of determining whether the conduct was lawful; (4) the professional was apprised of all material facts which the defendant knew; and (5) the defendant acted strictly in accordance with the advice of the professional." *Id.* (cleaned up).

In support of its argument, the government relies on several distinguishable cases. First, the government cites a case where the district court granted the government's motion to preclude the advice-of-counsel defense because the crimes with which the defendant was charged did not require willfulness and the advice of

---

[17] R. Doc. No. 311, at 1–2.
[18] R. Doc. No. 305, at 8.

3

counsel defense could only be presented to refute willfulness. *United States v. Impastato*, 543 F. Supp.2d 569, 574 (E.D. La. 2008) (Duval, J.). Unlike the crimes charged in *Impastato*, health care fraud in violation of 18 U.S.C. § 1347 does require willfulness and a specific intent to defraud. *See United States v. Anderson*, 980 F.3d 423, 427, 430–31 (5th Cir. 2020).

In *United States v. Hill*, the district court denied the defendant's request for a jury instruction regarding the advice of counsel because there had been no testimony *at trial* that any of the defendants actually did rely on advice of counsel. 643 F.3d 807, 850–51 (11th Cir. 2011). The same was true in *United States v. Bruner*, where the district court denied the defendant's request for the advice of counsel instruction after the defense rested. 616 F. App'x 841, 845 (6th Cir. 2015). Likewise, in *United States v. Van Allen*, the district court denied the defendant's request for the advice of counsel instruction after trial testimony. 524 F.3d 814, 823 (7th Cir. 2008). By contrast, in the instant case, the government is asking the Court to preclude the defendant from raising the advice-of-counsel defense before trial.

In *United States v. Wolfe*, the trial court granted the government's motion *in limine* to prohibit the defendant from raising the advice-of-counsel defense at trial. 781 F. App'x 566 (8th Cir. 2019). The Court of Appeals affirmed on the ground that the defendant did not offer any evidence suggesting he fully disclosed all material facts to his attorney or that he relied on his attorney's advice with the good faith belief that his conduct was legal. *Wolfe*, 781 F. App'x at 568–69. As in *Wolfe*, the government appears to have the better argument regarding whether the relevant defense

4

exhibits[19] are sufficient to support an advice-of-counsel defense standing alone. However, in the instant case, that is not the only question before the Court.

Significantly, Akula's counsel has stated that he is not presently seeking to raise the advice-of-counsel defense and "does not anticipate" raising it.[20] Rather, Akula merely argues that he should not be precluded at this point from raising such a defense because his counsel's position "may change depending on evidence elicited at trial through witness testimony."[21] Akula's counsel does not intend to discuss the advice-of-counsel defense in his opening statement and has stated that he will inform the Court and request a jury instruction regarding advice of counsel if he believes the elements are met.[22]

Upon review, the Court agrees with Akula that a ruling on this question is premature at this juncture. As Akula points out,[23] the defense may rely on testimony elicited at trial to seek an advice of counsel instruction. *See Hagen*, 542 F. Supp.3d at 520–21 (permitting the defense to call certain attorneys as witnesses in support of the advice of counsel defense); *see also United States v. Shea*, No. 20 Cr. 412-4, 2022 WL 1598189, at *1 (S.D.N.Y. May 20, 2022) (denying the government's motion to

---

[19] R. Doc. Nos. 305-1–305-12.

[20] R. Doc. No. 311, at 2. In its reply, the government argues that, "[i]n light of Akula's statements that he does not intend to raise an advice of counsel defense, the government's motion should be granted." R. Doc. No. 316, at 1. The government's characterization of Akula's statements is overbroad and misleading. As explained, Akula simply stated that "*[a]t this time*, defense counsel does not anticipate raising an advice of counsel defense." R. Doc. No. 311, at 2 (emphasis added).

[21] *R. Doc. No. 311, at 2.*

[22] *Id.*

[23] *Id.*

preclude the defendant from advancing the advice of counsel defense at trial and determining that the defendant "may request leave to raise advice-of-counsel defenses if evidence not previously known to him is revealed during trial and supports such defenses"). Accordingly, at this time, the Court will not prohibit Akula from raising the advice-of-counsel defense at trial. However, prior to introducing evidence supporting such a defense, counsel shall approach the bench for Court guidance.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the government's motion to preclude the advice-of-counsel defense is **DEFERRED** until trial. Defense counsel may request leave to raise the advice-of-counsel defense if evidence revealed during trial supports it.

New Orleans, Louisiana, October 4, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**