UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                   CRIMINAL ACTION

VERSUS                                                              No. 21-98

SHIVA AKULA                                                         SECTION I

### ORDER & REASONS

Before the Court is defendant Shiva Akula's ("Akula") motion[1] to reconsider this Court's order revoking his bond. The government opposes[2] the motion. For the reasons that follow, the Court denies the motion.

## I.  BACKGROUND

On November 6, 2023, following a five-day trial, a jury found Akula guilty of twenty-three counts of health care fraud in violation of 18 U.S.C. § 1347.[3] Following Akula's convictions, the government orally moved to remand Akula to federal custody. On November 7, 2023, the Court held a bond hearing.[4] After considering the parties' arguments, the Court permitted Akula to remain on bond with certain additional conditions designed to prevent the dissipation of his assets.[5] Specifically, the Court ordered Akula not to withdraw funds from certain accounts without prior notification to his U.S. Probation Officer and the government.[6] However, at Akula's

---

[1] R. Doc. No. 428.
[2] R. Doc. No. 435.
[3] R. Doc. No. 339.
[4] R. Doc. No. 341.
[5] *Id.* at 1.
[6] *Id.* at 2.

1

request, the Court permitted Akula to withdraw up to $200,000 from his E-TRADE account for the payroll expenses of his company, Canon Hospice ("Canon").[7]

At a second bond hearing on November 22, 2023,[8] which took place after new counsel enrolled to represent Akula,[9] Akula confirmed that he had withdrawn more than the $200,000 permitted by the Court's order.[10] He also disclosed two additional bank accounts.[11] The Court modified the conditions of Akula's bond to include the additional accounts as well as "any other business or personal accounts," and ordered that no withdrawals or transfers from these accounts should take place without prior authorization from U.S. Probation.[12]

On December 4, 2023, the Court received a bond violation letter from Akula's Probation Officer. The Court held a telephone conference to discuss the bond violation.[13] Akula's counsel indicated that he would advise Akula regarding any withdrawals or other transactions made in violation of his bond conditions and work with Akula to provide the government with certain financial documentation.[14] On December 22, 2023, the Court held an additional telephone conference regarding a motion filed by the government to prevent the dissipation of Akula's assets.[15] Although Akula's attorneys and the government had reached an agreement regarding

---

[7] *Id.*
[8] R. Doc. No. 351.
[9] R. Doc. No. 349.
[10] R. Doc. No. 385, at 8.
[11] *Id.* at 14–19.
[12] *Id.* at 1.
[13] R. Doc. No. 355.
[14] *Id.* at 1.
[15] R. Doc. No. 367.

an asset preservation letter that would obviate the need for a restraining order, Akula refused to sign the letter.[16] After considering the government's motion, the Court adopted the substance of that letter as an order.[17] On January 8, 2024, after learning of additional bond violations, the Court held a third bond hearing and revoked Akula's bond, remanding him to federal custody.[18]

Akula now moves for reconsideration of this bond revocation, arguing that "newly discovered factual issues" pertaining to Akula's incarceration warrant reconsideration.[19] Specifically, Akula argues that he could be "instrumental" in "winding down" Canon Hospice's business entities and that he could be "helpful" in moving and storing patient records from his private practice.[20] Moreover, Akula submits that he is suffering from high blood pressure, that his heart rhythm is erratic, that he is on a heart monitor, and that he has missed a scheduled appointment with his regular cardiologist.[21] Finally, Akula argues that he fears for his life in the St. Tammany Parish Jail based on two incidents.[22] First, Akula states that the jailers found contraband knives in his "neighbor's rack."[23] Second, Akula asserts that he administered triage care to an incarcerated individual who had been

---

[16] *Id.* at 1.
[17] *Id.* at 1–4.
[18] R. Doc. No. 380.
[19] R. Doc. No. 428-1, at 1.
[20] R. Doc. No. 428, at 2.
[21] *Id.*
[22] *Id.*
[23] *Id.*

stabbed in the neck by another incarcerated individual and that, following this incident, Akula has been threatened by other prisoners.[24]

The government opposes Akula's motion.[25] Specifically, the government argues that Akula would not be helpful in winding down Canon's business entities or moving and storing patient records from his private practice based on his previous conduct while on bond and the Court's recent granting of Akula's request to access funds to hire a bankruptcy attorney.[26] Additionally, the government points out that the Court has already issued a medical order to ensure Akula receives the appropriate medical care for his health issues while incarcerated.[27]

## II.     LAW & ANALYSIS

"Although motions for reconsideration [in criminal cases] 'are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device.'" *United States v. Garay*, No. 19-CR-122, 2021 WL 807254, at *2 (N.D. Tex. Mar. 3, 2021) (quoting *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991)). "Courts have 'continuing jurisdiction over criminal cases and are free to reconsider [their] earlier decisions.'" *Id.* (quoting *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975)). "In the context of criminal proceedings, courts have applied the same legal standards as for motions for reconsideration in civil cases." *Id.* (collecting cases).

---

[24] *Id.*
[25] R. Doc. No. 435.
[26] *Id.* at 3.
[27] *Id.*

In the civil context, a motion challenging an interlocutory order is considered pursuant to Rule 54(b). *Id.* (citing *Contango Operators, Inc. v. United States*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013)). Rule 54(b) provides that interlocutory orders "may be revised at any time before the entry of a judgment[.]" The U.S. Court of Appeals for the Fifth Circuit has explained that, "[u]nder Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing Fed. R. Civ. P. 56(b), *abrogated on other grounds*)).

Akula seeks reconsideration of an interlocutory order revoking his posttrial bond based on his bond violations following *multiple* hearings during which the Court granted him *multiple* opportunities to comply with its orders and remain on bond. As the government observes, there is no reason to believe Akula would be helpful in winding down Canon's business entities or moving and storing patient records. Akula remained on bond following his convictions for two months and there is no indication that he took any steps to assist with these processes. To the contrary, Akula repeatedly violated this Court's orders and refused to sign a voluntary asset preservation agreement.

With respect to Akula's health concerns, on April 3, 2024, the Court issued an order that Akula be given a medical examination and/or treatment in relation to his

blood pressure.[28] The Court received a response from the Health Services Administrator at the St. Tammany Parish Jail. The response indicated that Akula is on a blood pressure medication, saw a doctor on February 16, 2024, and that labs, an EKG, and a follow-up appointment with a provider have been scheduled.

Additionally, although Akula's concerns for his safety while incarcerated are important, Akula "has not shown that [his] circumstances differ from the vast majority of the other incarcerated persons in [his] same position." *Garay*, 2021 WL 807254, at *3. Accordingly, Akula has not demonstrated that the Court should favorably reconsider its previous order revoking his bond.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Akula's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, April 17, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. No. 431.